### DETERMINED IN THE

# SUPREME COURT

#### OF

# WASHINGTON.

[No. 5957. Decided June 19, 1906.]

THE SEATTLE LUMBER COMPANY, *Respondent*, v. BO
SWEENEY *et al.*, *Appellants*, GEORGE BARWICK
*and* P. J. DONOHOE, *Defendants*.[1]

MECHANICS' LIENS—BUILDING MATERIAL—EVIDENCE. Findings
that materials were furnished for the construction of buildings will
not be disturbed, although the testimony was not clear and satis-
factory, where the books of the dealer showed that it had all been
actually furnished, and the architect testified that portions of it had
been delivered and that it was all necessary for the completion of
the building, and it was conceded that substantially all the material
used was received from such dealer's yards, especially where there
was no evidence to rebut the *prima facie* case thus made.

SAME—AGENCY—AUTHORITY OF PERSONS IN CHARGE OF BUILDING
TO ORDER MATERIAL. The agency of contractors to order material for
the construction of a building is sufficiently established where the
original order was given by the architect before the contract was
let, and paid for by the owner, and where the plaintiffs were placed
in charge authorized to construct the building, the materials were
furnished to them, and no other provision was made for the neces-
sary material.

APPEAL AND ERROR—RECORD—SHOWING ON MOTION FOR NEW TRIAL.
The overruling of a motion for a new trial for newly discovered
evidence will not be disturbed when the record does not disclose
the showing made.

[1]Reported in 85 Pac. 677.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE. A new trial should not ordinarily be granted for newly discovered evidence impeaching a witness; nor for evidence of facts that could have been proved at the trial by other evidence.

APPEAL AND ERROR—JUDGMENT—INTEREST. An inadvertence in computation of the interest will be corrected on appeal by deducting the amount from the judgment.

Appeal from a judgment of the superior court for King county, Yakey, J., entered July 8, 1905, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Affirmed.

*Alfred Battle* and *Sweeney & Steiner,* for appellants.

*Harold Preston,* for respondent.

RUDKIN, J.—This action was brought to recover a balance due on account of the purchase price of material furnished to be used in the construction of certain buildings belonging to the defendants Sweeney and wife, and to foreclose a lien for the amount thereof. The plaintiff had judgment below, and the defendants Sweeney and wife appeal.

The appellants state in their brief that the most important question presented by the appeal is the construction of § 5900, Bal. Code, which provides that "Every person performing labor upon or furnishing material to be used in the construction . . . of any . . . building," etc., shall have a lien for the same. It is further stated that the respondent contended throughout the trial that it was only necessary for it to show that the material was furnished to be used in the buildings, whereas, the appellants contended that it must show not only that the material was furnished to be used in the buildings, but that the same was actually delivered and used. The court below found, however, that the material was furnished to be used in the construction of the buildings, and was actually so used, and if this finding is sustained by the testimony, the question suggested by the appellants does not arise in this case.

While the testimony as to the delivery of the material and its use in the buildings is not as clear and satisfactory as it might be, yet, there was competent evidence tending to show these facts and in the absence of any testimony to the contrary, we would not be warranted in disturbing the findings of the court below. The books of the respondent, kept in the usual course of its business, showed that all the material alleged to have been furnished was actually furnished to be used in the construction of the buildings in question. Upon the delivery of material, it was the custom of the respondent to have the foreman or other person in charge of the buildings receipt to the teamsters for all material delivered, but it sometimes happened that there was no person about the buildings to sign the receipt, and in such cases the teamster returned the receipt unsigned. A number of the receipts offered in evidence in this case were returned in this condition. The architect, who was in charge of the buildings for at least a portion of the time during their construction, testified to the delivery and use of a portion of the material, and that all the material for which the lien was claimed was actually necessary for the completion of the buildings. It was conceded that substantially all the material used in the buildings came from the respondent's yards, and we think this made a *prima facie* case in its behalf.

On the other hand, one of the appellants testified that he did not know whether all of the material for which the lien was claimed was actually used in the buildings or not, but that he was reasonably sure that it was not, and was proceeding to state the reasons for his belief, namely, an estimate made by his architect, when stopped by the court. He further testified that he was informed that the contractor for the buildings was engaged in the construction of another building in some other portion of the city, but there was no evidence that any material furnished for these buildings was delivered elsewhere. It was further shown that the first delivery of material was made on the wrong corner of the block,

but this material was afterwards brought back and used in
the buildings. Long after the last delivery of material, this
same appellant wrote the respondent that his architect had
reported to him that he was charged up with several thousand
feet of lumber that had never been used in the buildings,
that he had directed the architect to go over his figures again,
and that he would take the matter up with the respondent. as
soon as the architect made his report. No attempt was made
to prove by this architect or any other employee or servant
of the appellants that all the material for which the lien was
claimed was not actually used in the buildings. We allude to
this fact, not because the burden was on the appellants to
prove that the material was not in fact used in the buildings,
but for the purpose of showing that the appellants offered no
testimony to defeat the *prima facie* case made by the re-
spondent, although such testimony was necessarily within
their reach. As said by Mr. Justice Brewer in *Rice v. Hodge
Bros.,* 26 Kan. 164:

"It is undoubtedly true, that it is not affirmatively and
specifically shown that each separate article charged in these
bills actually went into such buildings. It does appear, how-
ever, that each one of the three separate claimants made
contracts for furnishing materials for said buildings; that in
pursuance of said contracts they furnished materials, and sup-
posed that they were to be used in the construction of said
buildings; and, as to a few articles, that they did not in fact go
into said buildings. To this there is no contradictory testi-
mony; nothing tending to show that any of the materials so
delivered were in fact taken away by the builder and used
elsewhere; nothing even tending to raise a suspicion that there
was any deviation of materials from their intended and con-
tracted use. Under these circumstances, it would not be jus-
tice to refuse the lien. To require direct and positive testi-
mony, that as to each specific article delivered, that it was in
fact used in the buildings, would make the mechanics' lien
law more of a burden and a trap than a blessing and a help.
When materials are contracted for use in a proposed build-
ing, when they are delivered in pursuance of such a contract,
and when the building is in fact completed, and there is no

testimony tending to raise even a suspicion that the materials therefor were elsewhere obtained, or that those contracted for were not used therein, and especially when some of the materials are shown to have actually entered into its construction, it is fair to conclude and say that such materials did in fact go into the building, and that the seller has a mechanics' lien therefor."

It is further contended that the persons to whom the material was furnished were not the appellants' agents and were not authorized to purchase the material on their account. The original order was given by one of the architects for the buildings before the contract was let, but after the letting of the contract the material was furnished to the contractor, and this original order was paid for by the appellants with the exception of a few dollars. The other material, called extras, was furnished in part while the original contractor was in charge of the construction work, and in part after he had absconded and while the appellants and their servants and employees were in charge. These persons in charge were authorized to construct the buildings, and must have been authorized to obtain material therefor, as the appellants made no provision for material from any other source or at all. Under these circumstances we think that agency either actual or statutory was clearly proved.

The motion for a new trial was properly denied in so far as it was based on the record before us, and in so far as it was based on newly discovered evidence, the showing upon which the motion was made does not appear in the record. We therefore cannot consider it. In any event, the only purpose of the newly discovered evidence was to impeach one of the respondent's witnesses as to the date of the dissolution of a certain partnership, and ordinarily a new trial will not be granted for any such purpose. Furthermore, no showing was made that the date of dissolution, if material, could not have been proved at the trial by other testimony.

We find no error in the record except in the allowance of interest. Through inadvertence interest was computed on the

balance due from the 6th day of May, 1901, instead of from the 6th day of May, 1902. It is apparent that this error was not called to the attention of the court below, but the respondent confesses the error and the item amounting to the sum of $17.32 will be deducted from the judgment. As thus modified the judgment is affirmed, and the respondent will recover its costs on appeal.

MOUNT, C. J., FULLERTON, HADLEY, CROW, and DUNBAR, JJ., concur.