[No. 6666.   Decided June 15, 1907.]

CRANE COMPANY, *Respondent*, v. S. C. FARNANDIS *et al.*,
*Appellants.*[1]

MECHANICS' LIENS—DELIVERY OR USE OF MATERIALS—EVIDENCE.  A
judgment foreclosing a mechanics' lien must be reversed, where there
was no testimony tending to show that the materials were delivered
or furnished for use in the building or that they were so used.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered August 7, 1906, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to foreclose a mechanics'
lien.   Reversed.

*Allen, Allen & Stratton,* for appellants.

*George H. King,* for respondent.

PER CURIAM.—This is a suit to foreclose a mechanics' lien
on the property of the appellants.   Ryan & Knapstein, the
contractors to whom the goods were alleged to have been sold,
made no appearance.   Judgment was entered for the fore-
closure of the lien in the amount of $46.   From this judgment
this appeal is taken.

The answer denied the furnishing of the material by the
plaintiff.   The two principal contentions of the appellants
are, (1) that they were authorized by the respondent to pay
the contractors the full amount of their claim; and (2) that
the goods for which the lien was filed were not delivered for use
in the building of the appellants, and were not used in the
construction of said building.   On the first proposition there
is a direct conflict in the testimony.   An examination of all
the testimony in the case convinces us that there is not suffi-
cient testimony that the goods were furnished for use, or were
used, in the construction of the appellants' building.   The

[1]Reported in 90 Pac. 1134.

appellants rely upon the case of *Seattle Lumber Co. v. Sweeney,* 43 Wash. 1, 85 Pac. 677, where it was said by this court that, "while the testimony as to the delivery of the material and its use in the buildings is not as clear and satisfactory as it might be, yet there was competent evidence tending to show these facts, and in the absence of any testimony to the contrary, we would not be warranted in disturbing the findings of the court below."

The case at bar does not come within this liberal rule, for without specially reviewing the testimony, which in large part is immaterial, we are unable to find competent testimony tending to show that the material was furnished for use in the building, or was so used. The person who, it is claimed, delivered the material, was not produced in court, nor his testimony furnished in any way; and while it is true that the most convincing testimony might not be required in a case of this kind, there must be some testimony tending to show the furnishing and the use of the materials for which the lien is claimed. No such testimony having been offered in this case, the judgment must be reversed, and the cause remanded with instructions to dismiss the action.