[No. 7688. Decided April 26, 1909.]

FREDERICK W. HOYT *et al.*, *Respondents*, v. INDEPENDENT ASPHALT PAVING COMPANY, *Appellant*.[1]

DAMAGES — PERSONAL INJURIES — CAUSE OF INJURY — RESULTING OPERATION—EVIDENCE—SUFFICIENCY. In an action for personal injuries there is no substantial evidence that a fall upon a defective plank caused a displacement of pelvic organs, requiring an operation, and it is error to submit the issue to the jury, where it appears, that the plaintiff's family physician, called by her, testified emphatically that the condition necessitating an operation was not caused by the fall, but already existed; and there was other medical evidence offered by plaintiff showing that the condition resulted from childbirth prior to the accident, and there was nothing but the plaintiff's own testimony to the contrary, attempting to give the cause of the pain experienced.

JURORS—EXAMINATION—LATITUDE. In the examination of jurors latitude should be allowed to enable counsel to intelligently exercise peremptory challenges, even though not able to elicit sufficient to justify the rejection of the juror for cause; and a juror may be interrogated as to his connection with indemnity companies.

TRIAL—MISCONDUCT OF ATTORNEY—MASTER AND SERVANT—QUESTIONS INDICATING INDEMNITY. It is not misconduct of counsel, requiring a new trial, for attorney for the plaintiff in a personal injury case to interrogate a juror as to whether he was a solicitor for an indemnity company, where the examination was not for the purpose of informing the jury that the burden of the judgment would fall upon an insurance company.

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—LIABILITY OF CONTRACTOR—CONTRIBUTORY NEGLIGENCE. A contractor doing street work under a contract with the city is responsible for negligence in putting down a plank rendering the street unsafe to one alighting from a street car at a regular stopping place, upon what she was warranted in supposing to be a platform for passengers to alight on; and one so alighting is not guilty of contributory negligence.

SAME—PLEADING AND PROOF—VARIANCE. In an action against a contractor for personal injuries sustained through a defective condition of the street, it is not a material variance or prejudicial error to receive in evidence the defendant's contract with the city showing its duty to keep the streets in safe repair, without having alleged the contract, where the complaint specifically charges defendant's acts

[1]Reported in 101 Pac. 367.

of negligence which caused the unsafe condition and the accident; since proof establishing the responsibility does not constitute variance.

APPEAL—DECISIONS—REMISSION OF ERRONEOUS ITEM.  Upon the erroneous submission to the jury of an item for $600 damages, in an action for personal injuries in which the verdict does not disclose what portion was based on such item, the judgment must be reversed unless $600 of the damages is remitted.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 4, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a contractor's negligence in carrying on street work.  Affirmed on condition of remitting $600.

*Peters & Powell*, for appellant.

*Gay, Bailey & Rummens*, for respondents.

DUNBAR, J.—The defendant, the Independent Asphalt Paving Company, entered into a contract with the city of Seattle for the paving of East Jefferson street from Ninth avenue to Twenty-first avenue. It is unnecessary to describe the character of the work which was to be done. But there was a double line of electric car tracks running along the middle of East Jefferson street, owned and operated by the Seattle Electric Company. East Jefferson street runs east and west. Abutting upon it to the south, and lying between Twentieth and Twenty-first avenues, is the residence property of the plaintiffs. It is about seventy feet from the Twentieth avenue crossing. Jefferson street on both sides of the double tracks had been excavated for a depth of about twelve inches, preparatory to the laying of a concrete bed. This concrete had been laid between the tracks, between the rails, and to a distance of eighteen inches to the outside of the outside rail. At the intersection of Jefferson street and Twentieth avenue, the contractor had laid planking between the tracks, between the rails, and for about four feet on

43—52 WASH.

either side of the outside rails, one plank on top of the other. These planks were three inches by ten inches, and sixteen to twenty feet long, and were laid lengthwise with the rails. The entire street was excavated and torn up in this manner.

On the 12th of July, one of the plaintiffs, Aletha Hoyt, in alighting from a car at the intersection of Twentieth avenue and East Jefferson street, stepped down upon the planking. One of the planks tipped, causing her to sprain her ankle and fall, hurting her shoulder and head and, it is alleged, causing a displacement and inflammation of the pelvic organs. She brought this action for damages in the sum of $20,000. Defendant denied any negligence in the construction or maintenance of the crossing, or knowledge of its danger, and pleaded affirmatively negligence and assumption of risk on the part of the plaintiff. The jury rendered a verdict for the plaintiffs in the sum of $1,900. Judgment was entered and appeal taken.

It is alleged that the court erred in instructing the jury that they might allow damages to the respondent for the expense and for the probable pain and suffering of a future surgical operation which might be necessary by reason of the alleged injuries to the respondent's pelvic organs; the jury being instructed that they might allow damages to the extent of $300 for the operation, and $300 for hospital expenses, this being the amount which it was shown by the testimony would be the probable cost of the operation. The contention is that, from all the evidence, there was no substantial evidence to show that the condition which was claimed to exist by the respondent Aletha Hoyt was in any way the result of, or induced by, the accident; but that the condition existed and the operation would be necessary, if at all, because of old injuries resulting from childbirth. We are of the opinion that there was no testimony in this case to justify this instruction. Dr. Gardner, the family physician, who was introduced by the respondent and who had made an examination of her, testified emphatically that her condition

which would necessitate an operation was not caused, and could not have been caused, by the fall; and this on direct examination by counsel for respondents. This statement and conclusion were repeated so often and in so many different forms, that it was made as plain as testimony could make it that the displacement of the uterus, and tears and wounds of adjacent parts, were not caused by the fall, but already existed before the accident. It is true that, in answer to a very long, involved, and indefinite hypothetical question, the witness afterwards said that, conceding the statement incorporated in the question to be true, the pain and evident suffering were possibly provoked by the accident. But this, in the small degree in which it sustained respondent's contention, is absolutely contradictory of the previous statements made by the witness in answer to plain questions which he evidently understood.

There was also other medical testimony to the effect that the laceration and condition of the pelvic organs were unquestionably the result of childbirth prior to the accident. So that, outside of the testimony of Mrs. Hoyt, the proof was absolutely against her contention, and this was proof offered by her. In the face of this proof, her testimony would seem to be without weight. If a witness testifies that she experiences pain, and the doctor testifies there is no condition existing which would or could produce pain, and that therefore she cannot be experiencing pain, the testimony would be conflicting, and the jury would be warranted in believing the witness who testified to experiencing the pain. But when she testifies that she experiences pain, and undertakes to give the cause of the pain, or the cause of certain painful conditions, and introduces expert scientific witnesses to corroborate her, and, instead of corroborating her, they flatly contradict her, and swear positively that the cause to which she attributes her injury and pain is an impossible cause, and testify as to what the actual cause is; it would seem that, if there is anything at all in medical science, the

proof would be conclusive that the cause of the admitted condition was not the cause to which the condition was attributed by the suffering person.  Applied to this case, it seems to be conclusively proven that the pelvic troubles were not caused by the accident; and as, under the instructions complained of, the jury might have found for the respondents for this item in the sum of $600, and as the damages were not specified, it is impossible to tell what amount they did allow for this item.

It is also urged that the court erred in not sustaining the objection of appellant's counsel to certain remarks made by the attorney for the respondents.  During the examination of the juror W. C. T. Fisher as to his qualifications to sit as a juror in the cause, and during his examination by counsel for the respondent, and after the juror had testified that he was a salesman in the employ of Safety Ladder Manufacturing Company, the following occurred:

"Q. Do you know Stirrat & Goetz?  A. No, sir.  I have heard tell of them, but I do not know them.  Q. You say that you are now a solicitor; were you ever a solicitor for any indemnity insurance company at all?  A. No, sir.  Q. Never had anything to do with this kind of companies?  A. No, sir."

These questions were objected to, and the objections overruled.  It is the contention of the appellant that it was the intention of counsel for respondents to notify the jury that the contest here was between an indemnity company, rather than the local contractor, and the respondents.  No brief has been filed by the respondents.  Counsel were permitted to argue the case on the theory that a brief would be filed, but none has been filed.  The contention of counsel in oral argument, however, was, as we remember it, that the object of this examination was to determine whether the respondents were liable to have imposed upon them a hostile juror, one who was, or had been, in the employ of an indemnity company, and therefore not desirable as a juror.  There seems to

be some reason in this contention. The statute allows each party to a civil action three peremptory challenges, and latitude enough should be given in the examination of a juror to enable the examiner to intelligently exercise these peremptory challenges, even though he may not be able to elicit sufficient to justify the rejection of the juror for cause. In cases of this kind, if it should appear that the purpose of the examination was to inform the jury that the burden of a judgment, if obtained, would fall upon an insurance company instead of the defendant, we would hold it such misconduct on the part of the attorney as would warrant a reversal. But we are not able to see that it so appears in this case, even taken in connection with the remarks of counsel concerning railroad doctors and surgeons.

There seems to be no reason for the contention that the appellant was not responsible for the condition of the streets. It is not denied that it entered into the contract with the city to do this work, or that the putting down of the plank which was the cause of the injury was the act of the appellant. Nor is there any testimony tending to show contributory negligence on the part of the respondent. The testimony is to the effect that the cars stopped at a regular stopping place; that is to say, it was a regular stopping place of the cars until after this accident occurred; that the respondent asked the conductor to let her alight at this regular stopping place; that she supposed that the boards which were placed there beside the cars formed an improvised platform for passengers to alight upon; and from all the circumstances shown in the case, this supposition, we think, was warranted.

It is also contended that the court erred in allowing the respondents to introduce a portion of the contract between the appellant and the city showing in effect that it was the duty of the appellant contractor to keep the streets in a safe condition and to give notice, by certain prescribed notices, of dangerous places. It is contended that, this not having

been pleaded, it is a variance between the pleadings and the proof. But we think this contention is really without merit, and that, if it was error, it was error without prejudice, for the complaint charges the appellant with entering into this contract with the city at a given time, and that the appellant was negligent in digging up and tearing out a crosswalk and planking in and along said street, and making the bed of said street a great distance from the lower step of a platform of any of the cars that might be running on said street, and in constructing the platform, which was so negligently and carelessly constructed that it was the cause of the injury complained of. Under the complaint, the negligence is so specifically charged that the whole matter of the appellant's responsibility is brought to its attention, and when the responsibility for the negligence claimed is charged in the complaint, proof establishing that responsibility does not constitute a variance.

But for the errors mentioned above, the judgment will be reversed and a new trial granted, unless the respondents shall, within ten days from the filing of the remittitur, consent to a modification of the judgment to the extent of $600. In such case, the judgment as so modified shall be affirmed.

CHADWICK, FULLERTON, GOSE, and CROW, JJ., concur.