[No. 8987. Department One. December 5, 1910.]

HARDMAN ESTATE, *Appellant*, v. JAMES A. McNAIR *et al.*,
*Respondents.*[1]

LANDLORD AND TENANT—RENTS—LEASE—CONDITION OF PREMISES—
IMPLIED WARRANTY. Where, by the terms of a lease, the premises
were to be arranged by the lessors for a cafe and kitchen, and the
lessees were prohibited from making any other use of the same, the
lessor cannot recover rent without complying with the lease, nor
invoke the general rule that there is no implied warranty of the
fitness of demised premises.

SAME—LEASE—CONDITION OF PREMISES—TERMS—CONSTRUCTION. A
lease providing that the lessor shall arrange the premises for a
kitchen and cafe "as in its judgment shall be best," and prohibiting
the lessee from making other use of the same, does not make the
lessor the sole judge of the fitness of the place to the extent of re-
lieving it of all obligation to produce the results contemplated.

NEW TRIAL—GROUNDS—SURPRISE—EVIDENCE. Introduction by de-
fendant of evidence material to the issues disclosed by the pleadings
cannot be made the ground of a new trial on the ground of surprise,
where the plaintiffs were not misled to believe that no evidence of
that nature would be used against them.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE. A new trial should not
be. granted for newly discovered evidence that is merely cumulative
and not likely to change the result.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered April 22, 1910, upon findings
in favor of the defendants, in an action on contract. Af-
firmed.

*Reed & Hardman*, for appellant.

*Kerr & McCord*, for respondents.

PARKER, J.—This is an action to recover rent alleged to
have accrued since July 1, 1909, upon a lease of the basement
of the Hotel Wilhard Building, in Seattle. The provisions
of the lease necessary for us to notice are the following.

[1]Reported in 111 Pac. 1059.

"The lessor agrees to arrange the west basement room, as in its judgment shall be best, for a cafe, and arrange the east room for kitchen and servants' quarters (it shall not, however, furnish any fixtures, furniture or other equipment), it being understood that in the event it is impracticable to arrange servants' quarters in the east basement that would comply with the city ordinances governing in such cases, the space shall be left to be used for such other purposes as the lessees may see fit; the rent to commence from the date the premises are ready for occupancy.

"Said lessee shall not do or permit to be done anything unlawful in the said premises nor use said premises for any other purpose than that of a cafe, or other incidental purpose connected with the business of running a hotel."

The complaint alleges that the plaintiff completed the arrangement of the premises as agreed about June 25, 1909, and notified the defendants that the premises were ready for occupancy about June 28, 1909; and that the defendants agreed to accept the premises as of July 1, 1909. The defendants deny their acceptance of the premises.; and allege, in substance, that the premises have not been completed as agreed, that they are unsuitable and unfit for cafe and kitchen purposes, and that the defendants are therefore unable to use them for any purpose contemplated by the lease. The case was tried by the court without a jury, resulting in findings and judgment in the defendants' favor. The plaintiff has appealed.

The trial court found, in substance, the following: Appellant made certain alterations in the premises, and on June 28, notified respondents that the premises were ready for occupancy; and on July 1, demanded of respondents the payment of the rent for July. On June 28th respondents advised appellant that they would accept the premises on July 1, if the same were in fact ready for occupancy; but that on that day the premises had not been completed, and were unfit for use and respondents refused to accept the same and refused to pay the rent demanded. Rent has been demanded for each month since then and payment refused. The prem-

ises have never been completed as agreed, and are unfit for use for the purpose contemplated, and for that reason respondents have refused to accept the same, and refused to pay the rent.

The principal contentions of learned counsel for appellant arise upon exceptions to the court's finding relating to the failure of appellant to complete the premises as agreed, and upon their exception to the refusal of the court to find, as requested by appellant, to the effect that the premises were completed as agreed and that respondents accepted the premises before July 1. We have carefully read all of the evidence, but will not attempt a detailed review of it here. There was conflict in the evidence as to the proper arrangement and completion of the premises for use as contemplated. We are inclined to agree with the learned trial court, however, that the evidence preponderated in respondents' favor on this question. There was evidence tending strongly to show that the kitchen was so arranged and constructed that it was not properly ventilated, and for that reason could not be used as a kitchen. Two city inspectors testified, in substance, that it was not properly ventilated, and for that reason in its present condition a restaurant would not be permitted there by the city authorities. There was also evidence tending to show that the premises were incomplete in other respects, though this was not of such a serious nature as the want of ventilation. The evidence also fails to show an acceptance of the premises by respondents. We are of the opinion that the findings are fully warranted by the evidence.

It is further contended by counsel for appellant that it is entitled to recover regardless of the fitness of the premises for the purpose respondents intended to use them. In support of this contention counsel invoke the general rule that, upon the demise of premises, there is no implied warranty as to their fitness for the purpose for which they are leased, citing Jones, Landlord and Tenant, § 574, and 24 Cyc. 1047. We have seen that it was not contemplated by either party that this

basement was to be used by respondents in the condition it was then in; but it was, by the terms of the lease, to be arranged by appellant for a cafe and kitchen, and respondents were, by the terms of the lease, prohibited from using the premises, "for any other purpose than that of a cafe or other incidental purpose connected with the business of running a hotel." It may be well to state here that respondents were already tenants of the building above the basement, where they were conducting a hotel. In view of these provisions in the lease, and the circumstances surrounding its making, we do not think that the appellant can escape its obligation to complete the arrangement of the premises as contemplated by invoking the general rule of law above noticed. We are of the opinion that there was a warranty on the part of appellant to make the premises reasonably suitable and fit for a cafe and kitchen; and that until that was done respondents were under no obligation to accept the premises and pay rent therefor. *Hunter v. Porter*, 10 Idaho 72, 86, 77 Pac. 434.

It is further contended that under the terms of the lease appellant was the sole judge of the sufficiency of the arrangement of the premises it was to make. We are not able to give to the contract this construction. The language is, "The lessor agrees to arrange the west basement room, as in its judgment shall be best, for a cafe, and arrange the east room for kitchen." It may well be doubted that appellant's judgment can govern as to the kitchen arrangement under this language; but conceding that such is the case, we do not think, in view of this language, together with the prohibition against respondents using the place for any other purpose than that which it was to be arranged for, means that appellant was to be the sole judge of the fitness of it for that purpose. Conceding that its judgment may control as to the manner of doing the work, the plan, and even the means of ventilation, it does not follow that appellant is not obligated to produce the results contemplated, as it is found to have failed in doing.

One of the grounds of appellant's motion for new trial was its alleged surprise at the testimony of the two city inspectors of the health department to the effect that the place was not suitable for use as a cafe and kitchen, and that its use for that purpose would not be permitted while in that condition. Affidavits were presented showing that appellant could, upon a new trial, produce evidence contradicting this testimony. This testimony was clearly within the issues shown by the pleadings. Appellant could no more claim legal surprise at this testimony than it could so claim as to any other testimony material to the issues. It is not claimed that respondents by any act or word led appellant to believe that testimony of this nature would not be used by them upon the trial. It is difficult to see how the mere introduction of testimony material to the issues disclosed by the pleadings can ever be a legal surprise to an opposing party. *Wilson v. Waldron*, 12 Wash. 149, 40 Pac. 740; *Friedman v. Manley*, 21 Wash. 43, 56 Pac. 832. This was not good ground for a new trial. Another ground assigned for new trial was newly discovered evidence. Assuming that this evidence is other than merely cumulative, the learned trial court evidently regarded it as not of sufficient consequence to likely change the result. We think the court did not abuse its discretion in denying the motion as to this ground, especially since the facts were determined by the court instead of a jury.

We conclude that the judgment should be affirmed. It is so ordered.

RUDKIN, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.