[No. 10891.  Department One.  February 21, 1913.]

T. SHIGETA, *Appellant*, v. GAFFNEY INVESTMENT COMPANY et al., *Respondents*.[1]

LANDLORD AND TENANT—CONTRACT FOR BUILDING—CONSTRUCTION—REPAIRS.  Where defendant agreed to construct a building and lease it to the plaintiff, who was to keep it in repair, and the building as constructed was leaky and defective and plaintiff only took possession under defendant's promise to remedy the defect and put it in proper shape, the plaintiff is not called upon to repair the building, and did not waive full performance by taking possession under defendant's promises.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 24, 1912, dismissing an action on contract, upon the opening statement of counsel for plaintiff.  Reversed.

*Shank & Smith*, for appellant.

*Farrell, Kane & Stratton*, for respondents.

CHADWICK, J.—This is an appeal from a judgment of dismissal, entered upon the opening statement of counsel for plaintiff.  The facts as we find them are taken from the pleadings, the attached exhibits and opening statement.  The defendants entered into an agreement with the plaintiff to erect a building in the city of Seattle, in accordance with certain plans and specifications which had theretofore been agreed upon.  The building was to be held under a lease with stipulated rent reserved for a period of seven years.  The agree-

[1]Reported in 130 Pac. 88.

ment and lease was made in one writing, and provided that plaintiff should take possession of the building upon its completion, and that he would thereafter "and during the continuance of this lease keep said building including the roof and all sewer connections in good and substantial repair and condition," and also "that if at any time repairs to said building may be necessary or required and the party of the second part [plaintiff] shall have neglected or refused to make the same, the parties of the first part [the defendants] may order such repairs made at the cost and expense of the party of the second part, and the party of the second part will upon demand pay to the said parties of the first part and to their order such cost or expense."

Plaintiff was notified on the 11th day of January, 1910, that the building was completed and ready for occupancy. The building at that time was apparently completed, but when it rained it was found to be in a leaky condition. Plaintiff then demurred, and we take it from the statement that he refused to take the building. Thereafter defendant served another notice calling upon him to take the property, and plaintiff again protested. Finally it was agreed that defendants would get the building in proper shape. Plaintiff relied upon this assurance and accordingly, on the 14th day of February, moved into the building. Plaintiff also alleges and offers to prove that when he discovered that the roof was still defective and would not turn water, defendants promised to fix it, and from time to time thereafter made such promises and on one or two occasions rebated rent on account of the damage occasioned by the rains. He also offered to prove that the building was at all times when it rained uninhabitable; that his tenancy was only continued because of the promises of defendants to remedy the defects. Relying upon such promises, he kept possession until December 8, 1910, when he was forced to abandon the building.

The trial judge did not discuss the motion for judgment, and from the arguments made here we assume that his ruling

was based upon that clause of the lease which binds the plaintiff to keep the premises in repair. The court evidently believed that plaintiff had taken possession and had therefore waived his right to insist that the building be completed according to the plans and specifications before he moved in. Before defendants can invoke that clause of the contract for their protection, they must show a performance on their part. They must show that they have built and tendered a habitable structure for the use of the plaintiff; if they tendered a building which, because of defective construction, fails to meet the obligations that they had assumed, they cannot shift the burden of the loss by saying that plaintiff should not have relied upon their promise to perform, or their implied guaranty that the building was habitable at the time they notified plaintiff that it was ready for occupancy. Defendants' contract was to build; plaintiff's, to repair. The defect here alleged is one of original construction, not one arising from waste, damage or the ravages of time. This principle was recognized by this court in *Hardman Estate v. McNair*, 61 Wash. 74, 111 Pac. 1059, where we held that one leasing a room for a particular use was bound to put it in fit condition. The only difference between that case and this is that there the lessee refused to take possession when notified; while here, plaintiff was persuaded to take possession upon a promise to make the building habitable; that is, to perform the contract. It was not a new contract. It was simply a reaffirmation and assurance that the one which already existed would be performed.

Defendants seek to distinguish the *Hardman Estate* case by saying that there the lease expressly specified the use to which the premises were to be put, and that we held that this amounted to a warranty that the room would be fit for the uses intended. The case will bear no such distinction. When an owner agrees to erect a building to be rented for a graduated rental ranging from $400 to $600 per month, the law will imply a warranty to put a roof on it. The specifications are not

before us, but it is safe to assume that they provide for a roof that will shelter the building, and if so the cases are the same.

Several cases are cited by defendants, but they go to the defense of waiver. Whether plaintiff waived his right to insist upon a full performance of the contract is to be decided upon the evidence. It cannot be decided upon the pleadings and opening statement.

The judgment is reversed, with directions to the lower court to let the trial proceed.

CROW, C. J., PARKER, GOSE, and MOUNT, JJ., concur.