[No. 10897.  Department Two.  September 22, 1913.]

MYRTLE ARMSTRONG, *Respondent*, v. YAKIMA HOTEL
COMPANY, *Appellant*.[1]

INNKEEPERS—INJURIES—"GUESTS"—LIABILITY. The plaintiff, who went to a hotel for luncheon and visited the ladies toilet, is a guest and entitled to recover for injuries sustained through the negligence of the innkeeper in maintaining a defective stairway.

SAME—DANGEROUS PREMISES—NEGLIGENCE — CONTRIBUTORY NEGLI-GENCE—QUESTION FOR JURY. The negligence of an innkeeper in maintaining a defective stairway, and the contributory negligence of a guest in wearing a narrow skirt and high heeled shoes, is for the jury, where there was a conflict in the evidence as to whether the brass facing on the step was loose and protruded upward and outward and had caused several falls, to the knowledge of the innkeeper, and the dress and shoes were in evidence, and there was evidence that they were not out of the ordinary.

DEPOSITIONS—METHOD OF TAKING—STATUTES. It is a substantial compliance with Rem. & Bal. Code, § 1242, requiring a notary taking a deposition to write the questions and answers, that he wrote the answers beneath the original interrogatories without rewriting the latter.

INNKEEPERS—DANGEROUS PREMISES—NOTICE—EVIDENCE—ADMISSI-BILITY. In an action by a guest against an innkeeper for personal injuries caused by a loose and protruding brass facing on a stairway, evidence that another woman fell on the same step forty-seven days previously is admissible to show constructive notice, where there was no change in the stairway up to the time of the accident.

TRIAL—MISCONDUCT OF COUNSEL—SUGGESTING INDEMNITY. It is not misconduct of counsel in a personal injury case, to ask jurors on their *voir dire* whether they were connected with any insurance or

[1]Reported in 135 Pac. 233.

indemnity company or whether they carried accident or indemnity insurance, when unaccompanied by any improper suggestions.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—IMPEACHING EVIDENCE. It is not an abuse of discretion to refuse a new trial for newly discovered evidence which was only impeaching.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $9,869, reduced by the trial court to $7,000, for severe personal injuries in a fall down a stairway, resulting in traumatic neurasthenia, will not be held excessive on appeal, where the trial court had the advantage of hearing the evidence of experts.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered February 29, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Luhman & Clark* and *Englehart & Rigg*, for appellant.

*Snively & Bounds*, for respondent.

ELLIS, J.—The plaintiff brought this action to recover damages for injuries received by reason of a fall down a stairway in the defendant's hotel. She testified that, about noon on March 16th, 1911, she went to the hotel to purchase her lunch, after finishing which she ascended the stairs and visited the toilet maintained on the second floor for the use of female guests, and that in descending the stairway she caught the heel of her shoe on the brass facing on the second step from the top, and fell to the lobby below, suffering the injuries for which she sues. One Ralph M. Dunbar and his wife, who were at the time guests of the hotel, testified by deposition that a short time after the accident they both examined the stairway, and especially the second step from the top, and found that the brass facing on that step was loose and protruded outward and upward in such a way as to cause danger of catching one's heel thereon. Mrs. Dunbar further testified that, on the morning of the same day of the accident, she herself had caught her heel upon this same brass facing, and had only been prevented from falling by holding to the balustrade of the stairway. As tending to show the length of

time during which this condition had existed and notice to the defendant company, another woman testified that, on the evening of January 28th, 1911, while descending the stairs, she caught her heel on the brass facing of the second step from the top, fell and rolled down stairs, suffering slight injuries; that, immediately after the fall, she had a conversation with the manager of the hotel, in which he remarked that if she wore shoes with French heels he would not be liable; otherwise he would. This conversation was denied by the manager. This woman also testified that, immediately after her fall, she examined the step and found that the brass facing thereon was loose and projected outward and upward. The manager testified that this last witness was, at the time of her fall, intoxicated, which she positively denied. The manager, and several persons who were then employees of the defendant company, testified that they made examination of the steps of the stairway shortly after the accident to the plaintiff, and found them all in perfect condition. At appropriate times in the progress of the trial, the defendant moved for a nonsuit, and for a directed verdict. Both motions were overruled. The jury returned a verdict in favor of the plaintiff for $9,869. The court, on motion for a new trial, reduced the verdict to $7,000 on condition that the plaintiff accept that amount, ordering that otherwise a new trial would be granted. Plaintiff accepted the reduction, judgment was entered accordingly, and the defendant appealed.

There are many assignments of alleged error, but they may be discussed under the following heads: (1) Alleged insufficiency of the evidence as against the motion for nonsuit. (2) Alleged insufficiency of all of the evidence to sustain the verdict. (3) Alleged improper admission of evidence. (4) Alleged misconduct of respondent's counsel in interrogating the jurors on their *voir dire*. (5) The refusal to grant a new trial. (6) The claim that the verdict was excessive.

I. The motion for a nonsuit was, of course, properly

denied, if, at the close of the respondent's case in chief, there was any competent evidence, or inferences reasonably to be drawn from competent evidence, that she was a guest of the hotel at the time in question, that the injury was sustained in the manner claimed, that the brass facing of the step in question was loose and protruding, and that such a condition had existed for a sufficient length of time to charge the appellant with notice of it. We find no merit in the claim that she was not a guest, and that she used the toilet without warrant. It is undisputed that she went to the hotel for her luncheon, for which she paid. She was there on an implied invitation of the appellant. For the time being, she was a guest, and entitled to a reasonable use of the conveniences furnished for the use of guests. Her admission that she ascended the stairs not only to use the toilet, but also to secure money from her person with which to pay for her meal, was immaterial. The testimony of the respondent and of two other guests as to the condition of the step at the time of the accident, and that of another guest indicating that it was in the same condition forty-seven days before, was sufficient to warrant the denial of a nonsuit.

II. At the close of all the evidence, the situation was practically unchanged, except that a conflict had been raised by contradicting testimony as to the condition of the step at the time of the accident to the respondent and at the time of the other woman's fall, and except that evidence had then been introduced in support of the defense of contributory negligence, that the respondent wore a narrow skirt and high heeled shoes. On the other hand, there was evidence that the skirt was not unusually narrow, and that the shoes were ordinary walking shoes. Both the skirt and the shoes were in evidence. On such a conflict, it is elementary that the questions of negligence and contributory negligence were both for the jury. The motion for judgment notwithstanding the verdict was properly overruled.

III.   It is contended that certain depositions were improperly admitted because the questions were not rewritten by the notary before whom the depositions were taken, the answers being written by him beneath the original interrogatories. This was a substantial compliance with the statute.   No authority is cited to the contrary.   Rem. & Bal. Code, § 1242 (P. C. 81 § 1103).

It is also claimed that the evidence that the facing of the step in question was loose and protruding, and caused another woman to fall some forty-seven days prior to the accident, was improperly admitted because too remote in time. There was no evidence of any change in the stairway between this and the date of the accident.   The evidence was properly admitted as tending to charge the appellant with constructive notice of the defect.   *Elster v. Seattle*, 18 Wash. 304, 51 Pac. 394; *Smith v. Seattle*, 33 Wash. 481, 74 Pac. 674; *Smith v. Tacoma*, 51 Wash. 101, 98 Pac. 91, 21 L. R. A. (N. S.) 1018; *Laurie v. Ballard*, 25 Wash. 127, 64 Pac. 906.   Even if this woman was intoxicated at the time of her fall, a thing which she denied, that had no bearing upon the admissibility of her testimony.   The credibility of the witness and the weight to be accorded to her testimony were clearly matters for the jury.

A discussion in detail of the other questions based upon the admission of evidence would unduly lengthen this opinion. We have examined all of them and find no prejudicial error in that regard.

IV.   In the examination of the jurors upon their *voir dire*, counsel for respondent was permitted, over objection, to ask several of the jurors whether they were connected with any insurance or indemnity company, and whether they carried accident insurance.   One of them, an insurance agent, was asked if he handled indemnity insurance.   Appellant claims that this was error, citing especially *Stratton v. Nichols Lum. Co.*, 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881.   In that

case, however, as is pointed out in the opinion, the questions
were put in such a way as was clearly intended to advise the
jury that the defendant carried accident insurance, and that
the insurance company would have to pay any damages
awarded. When objection was interposed, counsel for plain-
tiff remarked: "You don't mean to say that the Nichols Mill
Company is not insured?" In addition to this, he made the
direct offer to prove that the attorney for the insurance com-
pany was defending the action. We have repeatedly held that
such a course as that pursued by counsel in the *Nichols* case
constitutes misconduct necessitating a new trial. *Iverson v.
McDonnell,* 36 Wash. 73, 78 Pac. 202; *Edwards v. Burke,*
36 Wash. 107, 78 Pac. 610; *Lowsit v. Seattle Lumber Co.,*
38 Wash. 290, 80 Pac. 431; *Westby v. Washington Brick
etc. Co.,* 40 Wash. 289, 82 Pac. 271; *Birch v. Abercrombie,*
74 Wash. 486, 133 Pac. 1020, 135 Pac. 821. In this case, we
discover no such misconduct. We find nothing reasonably cal-
culated to advise the jury that the appellant was protected by
liability insurance, further than the questions noted. The
record bears no tangible evidence of a sinister motive. Sim-
ilar questions to those here permitted were held proper in
*Hoyt v. Independent Asphalt Paving Co.,* 52 Wash. 672, 101
Pac. 367, as being reasonably necesary to enable counsel in-
telligently to exercise his peremptory challenges. A further
investigation convinces us that the rule there announced is
supported by ample authority, clearly marking the distinc-
tion between this and the cases above cited. *Owensboro Wag-
on Co. v. Boling,* 32 Ky. Law 816, 107 S. W. 264; *Heyd-
man v. Red Wing Brick Co.,* 112 Minn. 158, 127 N. W. 561;
*Blair v. McCormack Const. Co.,* 123 App. Div. 30, 107 N.
Y. Supp. 750; *Rinklin v. Acker,* 125 App. Div. 244, 109 N.
Y. Supp. 125.

V. What we have said disposes of all of the grounds of
the motion for a new trial save the claim of newly discovered
evidence. The affidavits in support of the motion indicate
that the new evidence would be merely of an impeaching and

cumulative character, and not of a nature reasonably calculated to change the result. The refusal to grant a new trial upon an offer to produce new evidence impeaching or going to the credibility of the opposing party is no abuse of discretion. *State v. Gaasch,* 56 Wash. 381, 105 Pac. 817; *Harvey v. Ivory,* 35 Wash. 397, 77 Pac. 725; *Seattle Lumber Co. v. Sweeney,* 43 Wash. 1, 85 Pac. 677; *State v. Beeman,* 51 Wash. 557, 99 Pac. 756; *Hardman Estate v. McNair,* 61 Wash. 74, 111 Pac. 1059.

VI. Finally, it is urged that the verdict, even as reduced, was excessive. The respondent suffered severe injuries, inducing traumatic neurasthenia. The trial court had an opportunity to observe the respondent throughout a long trial, heard the evidence of several reputable physicians as to her condition, and was in an altogether better position than we are to determine whether the verdict was more than adequate to reasonably compensate her for the injury sustained. He reduced the verdict by almost one-third. We would not be warranted in making a further reduction.

The judgment is affirmed.

CROW, C. J., FULLERTON, and MAIN, JJ., concur.