[No. 12257.   Department One.   March 9, 1915.]

THOMSON ESTATE, *Respondent*, v. WASHINGTON INVESTMENT
COMPANY *et al.*, *Respondents*, GERMAN-AMERICAN
BANK OF SEATTLE, *Appellant*.[1]

LANDLORD AND TENANT—COVENANTS—CONSENT TO LEASE—RIGHTS
OF MORTGAGEES.  Mortgagees and lienors, expressly assenting to a
lease, are bound by the conditions thereof requiring the lessor to
make repairs necessary to put the premises in fit condition for use.

SAME—RENT—RECOUPMENT FOR REPAIRS—RIGHT OF ACTION—EF-
FECT OF PAYING RENT.  Payment of rent does not not waive a tenant's
right of recovery for necessary improvements, agreed to be made by
the lessor, inasmuch as the general statutes relating to counterclaims
apply to actions for the recovery of rent, and a tenant, paying for
repairs which the lessor had agreed to make to put the premises in
fit condition for use, may elect to recoup his damages or bring a
separate action therefor.

RECEIVERS—ACTION FOR RENT — IMPROVEMENTS — RECOUPMENT.  A
lessee's payments for improvements agreed to be made by the lessor
being equivalent to payments of so much rent, the same should be
allowed against the lessor's receiver, upon the lessor's insolvency.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered January 5, 1914, denying the
claim of a lessee against the receiver of an insolvent for an
amount paid for improvements, after a hearing before the
court.   Reversed.

*Edwin H. Flick (H. K. Luce,* of counsel), for appellant.

*Bronson & Robinson* and *H. B. Jones,* for respondents.

HOLCOMB, J.—On December 13, 1911, the Washington In-
vestment Company, a corporation, was lessee from the Col-
man estate of certain premises in Seattle, King county, Wash-
ington.   On said date, it executed a lease to the German-
American Bank of Seattle, a corporation, for a term of years,
to begin February 1, 1913.   It was assumed that the room to
be leased by the German-American Bank, which is the appel-

[1]Reported in 146 Pac. 617.

lant here, was unsanitary and not suitable for the purpose
for which it was leased.   The rent from January 1, 1913,
graduated from $850 per month for the year 1913, to $1,000
per month for the year 1917, the last year of the term of the
lease.   It was covenanted in the agreement of lease, among
other things:

"(2)   The first party shall keep the premises in good re-
pair, including floors, plumbing, heating apparatus, and the
tinting of the walls and painting wood work, and also keep
the window glass in good condition."

It was also agreed that the second party (appellant)

"shall have the privilege of changing the front of said
premises, a right to put up partitions and other similar im-
provements, and put down a tile floor upon said premises
without any permission, all such changes and improvements
to be made wholly at the expense of second party."

After entering into possession of the premises, the appel-
lant paid for the improvements necessary for its occupancy
the amount thereof, $1,110.25, which the lessor covenanted
to pay.   There is no dispute as to the reasonableness of this
sum.   The permanent improvements expended by lessee
amounted to the sum of $7,000.   This the appellant does not
claim the lessor should be responsible for.   Upon the execution
of the lease, the Colman company, owner of the fee, the Thom-
son Estate, owner of a prior mortgage, and Leopold M. Stern,
owner of a prior mortgage, all signed written consents to the
written lease upon the instrument itself, Leopold M. Stern
qualifying his written consent by the following added words,
"without in any wise waiving the priority of my mortgage
lien."   The Washington Investment Company, lessor, after
the execution of the lease and before the commencement of the
term thereof, became insolvent, and G. Alston Hole, vice presi-
dent of the Thomson Estate, became receiver of the Washing-
ton Investment Company.   This proceeding arises upon the
application of the German-American Bank of Seattle to the
receiver, G. Alston Hole, for the allowance of its claim for

improvements to the amount of $1,110.25.   Upon the receiver presenting the matter to the superior court, where his appointment was made, after a hearing thereon, the claim was disallowed as against the receiver.   The several mortgages against the said premises had previously been foreclosed or were in process of foreclosure.

The respondent Thomson Estate states in its brief:

"The question for review on this appeal is: What was the agreement between the parties and what is the legal effect of it?  We do not raise any question as to the reasonableness of the charges, nor as to the necessity of the work being done to put the premises in habitable condition.  We are willing to admit, so far as this appeal is concerned, that the work for which appellant makes claim in this action should have been performed by the Washington Investment Company, the lessor, under the terms of its lease."

As we view it, there is no question in this action as to whether Mr. Hole, the receiver for the Washington Investment Company, did or did not assent to the improvements which the Washington Investment Company had, by its agreement to lease, specifically authorized.   And the Thomson Estate and other lienholders, having specifically assented to the agreement of lease with all the terms in it contained, are as much bound by the covenants thereof as if they had made the lease themselves.   It was held in *Hardman Estate v. McNair*, 61 Wash. 74, 111 Pac. 1059, that one leasing a room for a particular use was bound to put it in fit condition.   This case was afterwards reaffirmed in *Shigeta v. Gaffney Investment Co.*, 72 Wash. 221, 136 Pac. 88.   The general statutory provisions relating to counterclaims apply equally to actions for the recovery of rent.   18 Am. & Eng. Ency. Law (2d ed.), 323.   In most jurisdictions the tenant is allowed to recoup against the landlord's claim for rent whatever damages he may have suffered, though unliquidated, on breach of the landlord's agreement, whether express or implied.   18 Am. & Eng. Ency. Law (2d ed.), 321, and cases cited.   The tenant has a right to elect to recoup such damages, or he may bring

a separate action therefor. 18 Am. & Eng. Ency. Law (2d ed.), 322.

Inasmuch as the lessee has the right at his election to recoup the damages from the rent or to bring a separate action for their recovery, the fact that the lessee has paid the rent for the greater part of the term, after breach of the landlord's agreement upon which the tenant's claim for damages is based, will not deprive the tenant of the right to recoup such damages when sued for subsequent installments of rent. 18 Am. & Eng. Ency. Law (2d ed.), 230, 231, 322. If the agreement by the landlord and that by the tenant to pay rent are dependent, then the performance by the landlord of his agreement is a condition precedent to his right to rent. 18 Am. & Eng. Ency. Law (2d ed.), 230, 324.

There can be no question under the settled law that, had the Washington Investment Company itself remained solvent and sued for the rent of the premises under the lease, the lessee could have recouped the amount of its payments for repairs which the lessor agreed to make, from the rent due; and such being the case, the receiver of the lessor is equally bound. The payments made by the lessor for said improvements under the lease were equivalent to payments of so much rent. The claim should, therefore, have been allowed by the receiver and by the court.

From the foregoing considerations, the judgment is reversed, and the cause remanded with instructions to allow the claim.

Morris, C. J., Parker, Mount, and Chadwick, JJ., concur.