[No. 14263. Department Two. February 26, 1918.]

RUTH K. TAYLOR et al., Appellants, v. THE CITY OF SPOKANE, Respondent.[1]

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—CONTRIBUTORY NEG-LIGENCE—INSTRUCTIONS. In an action for personal injuries sustained upon a defective sidewalk, it is not error in an instruction upon an issue as to contributory negligence to submit to the jury whether the fact of wearing high-heeled shoes was an act contributing to the injury.

APPEAL—REVIEW—INSTRUCTIONS—COMMENT ON FACTS. In an action for personal injuries sustained upon a defective sidewalk, it is not a comment on the evidence nor upon the weight to be given the fact, to instruct that the fact that plaintiff was wearing high-heeled shoes, if she was, is not conclusive that she was guilty of contributory negligence.

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—CONTRIBUTORY NEG-LIGENCE—QUESTION FOR JURY. In an action for personal injuries sustained upon a defective sidewalk, it is for the jury to say whether plaintiff's high-heeled shoes contributed to her fall, where the shoes were in evidence and a witness testified that plaintiff made a statement attributing her fall to the high-heeled shoes.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered March 1, 1917, upon

[1]Reported in 171 Pac. 249.

the verdict of a jury rendered in favor of the defendant, dismissing an action for personal injuries sustained through a fall upon a sidewalk. Affirmed.

*Danson, Williams & Danson (George D. Lantz,* of counsel), for appellants.

*J. M. Geraghty* and *Alex M. Winston,* for respondent.

MOUNT, J.—Mrs. Ruth K. Taylor, one of the plaintiffs in this action, was injured as the result of a fall upon an ice-covered sidewalk, in the city of Spokane. She and her husband sued the city to recover damages, alleging negligence in permitting the sidewalk to be covered with ice upon which ashes had been thrown. The city, for answer, denied negligence on its part, and alleged contributory negligence on the part of the plaintiff Ruth K. Taylor, by reason of the fact that she knew the condition of the walk and was negligent in going thereon wearing high-heeled shoes. The cause was tried to the court and a jury, a verdict was returned in favor of the defendant, a judgment of dismissal was entered, and the plaintiffs have appealed, alleging error in an instruction of the court to the jury, as follows:

"I instruct you that if Mrs. Taylor knew of the alleged dangerous condition of the sidewalk prior to the time of the accident, then the law would require more care on her part to avoid injury than if she knew nothing about it. The degree of care in each case required to be used by Mrs. Taylor would still be ordinary care and she would not be under obligation to use a greater degree of care than ordinary care, but would be required to use that degree of care, to wit, ordinary care, which reasonable prudence and caution would dictate to the ordinary traveler as being proper to be used. When a person knows of a dangerous sidewalk, the law requires of her to exercise such reasonable care as an ordinarily prudent and cautious person would use under like circumstances. If this is done

and injury results, the person is without fault, and if you find this to be the case, Mrs. Taylor was not guilty of contributory negligence. If this was not done and the failure so to do proximately contributed to the injury, then Mrs. Taylor was guilty of contributory negligence and cannot recover. The question of whether, upon all the facts in the case as disclosed from all the evidence, Mrs. Taylor was or was not guilty of contributory negligence, is one for your determination, and while previous knowledge, if you find she had such knowledge, of the condition of the sidewalk, on the part of Mrs. Taylor, and the fact that she was, if you find that she was, wearing high-heeled shoes, is not conclusive that she was guilty of contributory negligence, yet you have a right to, and may, if you find that such acts or omissions on her part were acts of negligence contributing proximately to her injury, find for the defendant.''

It is argued by counsel for the appellants that this instruction is erroneous because it makes the character of the shoes worn an independent act of negligence. We think there is no merit in this contention. The instruction tells the jury that, if they found that Mrs. Taylor had knowledge of the condition of the sidewalk and was wearing high-heeled shoes, and if they found that such acts were acts of negligence, then she could not recover. But even if we were to conclude that the instruction is susceptible of the construction which appellants seek to place upon it, we think it would not in that event be erroneous, since it was a question for the jury to determine from the character of the shoe, which was placed in evidence by the appellants, whether it was negligence for Mrs. Taylor to wear such shoes upon an icy sidewalk.

In the case of *Armstrong v. Yakima Hotel Co.*, 75 Wash. 477, 135 Pac. 233, where it was contended that the shoes worn by the respondent in that case had high heels which caused the accident, and where the defense

was one of contributory negligence because the respondent wore a narrow skirt and high-heeled shoes, we said:

"Both the skirt and the shoes were in evidence. On such a conflict, it is elementary that the questions of negligence and contributory negligence were both for the jury."

So it was in this case. If either the knowledge of the condition of the sidewalk or the fact that Mrs. Taylor was wearing improper shoes with which to go upon a walk, the condition of which she knew, was the primary cause of the accident, she, of course, was guilty of contributory negligence and could not recover.

Appellants further contend that the statement in the instruction that

"the fact that she was, if you find that she was, wearing high-heeled shoes, is not conclusive that she was guilty of contributory negligence,"

is equivalent to instructing the jury that, if Mrs. Taylor was wearing high-heeled shoes, that was evidence of negligence and entitled to any weight short of conclusiveness; and it is argued that this was a comment upon the evidence.

We think it was neither a comment upon a fact nor upon the weight to be attributed to the fact that she was wearing high-heeled shoes. The court simply told the jury that, if they found it was a fact that she was wearing high-heeled shoes, that fact was not conclusive that she was guilty of negligence. If this statement were held to be error, it would be error in favor of appellants.

Appellants also argue that there was no evidence that the heels of these shoes were higher than those ordinarily worn upon the street. One of the shoes, admittedly worn by Mrs. Taylor, was introduced in evidence. Mrs. Taylor, when a witness upon the stand,

testified that, at the time of her fall, she made a statement that she was afraid her husband would attribute the fall to her high-heeled shoes. A witness for the respondent testified that her statement was that the accident was caused by "those foolish high-heeled shoes." The jury was at liberty to decide from this evidence whether the shoes were the kind usually worn, and whether the shoes worn were the primary cause of the accident.

The instructions as a whole were fair and clear and, we think, stated the law properly to the jury.

We find no error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., HOLCOMB, CHADWICK, and MORRIS, JJ., concur.