[No. 35183.     Department One.     October 29, 1959.]

MICHAEL DOYLE, *a Minor, by His Guardian ad Litem, Lawrence Doyle, Respondent,* v. DONALD KENOYER, *Appellant.*[1]

[1]Reported in 345 P. (2d) 393.

*Abbott, Lant & Fleeson,* for appellant.

*Roehl & Dalquest,* for respondent.

MALLERY, J.—This is an action for personal injuries to plaintiff, with a counterclaim for damages to defendant's car. The jury found against both causes of action. The defendant appeals from an order granting plaintiff a new trial.

Immediately before the collision of respondent's motorcycle with the rear of appellant's car, out of which the actions arose, the appellant had been driving south on a straight, dry, level, two-lane road. There was a slight rise in the road approximately one-fourth mile before the vehicles reached the scene of the accident. As appellant drove past a turnoff road, he noticed a relative signaling to him from a house set well back from the road. He brought his car to a stop, backed it along the west edge of the road, and turned left across the road into the turnoff. Respondent's motorcycle, approaching from the rear, struck the left rear wheel of appellant's car as it was leaving the road. The motorcycle left skid marks sixty feet long about one foot from the east edge of the road in the northbound or passing lane.

Appellant testified that he checked his rearview mirror before backing his car and found the road empty. He again checked his mirror just before he turned left. At that time, he saw the motorcycle at the top of the rise one-fourth mile to the rear. He then gave a hand signal and turned left into the driveway. He did not hear the motorcycle until the moment of impact.

Respondent testified that he observed appellant's car in the southbound lane and thought it was *stopped* or *moving*

*ahead slowly.* As he pulled out to pass the car, it pulled in front of him, and he was unable to avoid hitting it. He observed no hand signal from the car and was not prepared for the turn made by the appellant. Though he admitted he had no horn, he testified that his motorcycle had no mufflers and made a great deal of noise.

The trial court ordered a new trial and assigned newly discovered evidence as a ground for doing so.

It appears that three days after the trial, a Mr. Haggith called on respondent's counsel and stated that he "had been a witness to the collision," and that, at the time of the accident, he had been working inside one of his chicken houses located immediately to the west of the scene of the collision. He stated, in his affidavit, that he would testify he

" . . . had been sweeping when his attention was turned to the highway because the automobile involved in the collision had made an emergency stop on the highway causing its tires to make a 'squealing' noise. Affiant saw the automobile stop, back up hurriedly, and then *quickly cut over to the left* across the highway toward a driveway. That said backing and turning by said automobile were done in a rapid and hurried manner and not slowly." (Italics ours.)

Respondent's counsel had interviewed the people residing near the scene of the accident, but had not discovered that Mr. Haggith had seen the accident because his home was five miles away, and counsel was unaware that Mr. Haggith had been in the chicken house at the time.

■ The evidence of this witness throws a new light upon the collision, and, on the basis of it, the jury could well absolve respondent of contributory negligence on the well-recognized ground that he had been confronted with a sudden emergency. This new and different evidence is not within the purview of the rule of *Nelson v. Placanica,* 33 Wn. (2d) 523, 206 P. (2d) 296, upon which the appellant relies.

The trial court did not abuse its discretion in granting a new trial.

■ Since there is to be a new trial, we think it useful to point out that the trial court did not err in refusing respondent's requested instruction No. 18. A noisy cut out

might well apprise a driver of the presence of a vehicle approaching him from the rear. Such a noise, however, would not indicate an intention on the part of such a driver to do anything in particular. Certainly it is not the equivalent of the statutory signal of an intention to pass and, hence, does not excuse giving such a signal.

The order granting a new trial is affirmed.

WEAVER, C. J., DONWORTH, and HUNTER, JJ., concur.

OTT, J. (dissenting)—The order granting a new trial is sustained upon the ground of newly discovered evidence. The proffered new evidence, as disclosed by the record, does not meet the test for granting a new trial. *Nelson v. Placanica*, 33 Wn. (2d) 523, 526, 206 P. (2d) 296 (1949), and cases cited.

The majority state that, if Mr. Haggith is permitted to testify at a new trial, his testimony would establish that he

" ' . . . saw the automobile stop, back up hurriedly, and then *quickly cut over to the left* across the highway toward a driveway. That said backing and turning by said automobile were done in a rapid and hurried manner and not slowly.' (Italics ours.)"

The majority conclude that "the jury could well absolve respondent of contributory negligence on the well-recognized ground that he had been confronted with a sudden emergency."

Contributory negligence was an issue in this case. The evidence on sudden emergency which "could well absolve respondent of contributory negligence" was presented at the trial. The respondent testified that he and the appellant were proceeding in their vehicles upon the highway in the same direction. He testified that he was preparing to pass the appellant's automobile, concluding from what he observed that it was either standing still or slowly moving forward on the right side of the road; that, without giving a signal, the appellant turned abruptly in front of him onto the left side of the road, and that, immediately upon seeing the appellant turn to the left, he applied the brakes but was.

unable to avoid the collision. The respondent's motorcycle struck the left rear wheel of the automobile. At the instant of the impact, appellant's automobile had traveled practically across the left lane. Approximately one foot of the automobile remained on the pavement, the rest being on the shoulder on the left side of the road. Respondent's "absolving" evidence as to contributory negligence was before the jury in this case. After considering the evidence, the jury, by their verdict, did not absolve him.

The emergency, if it was not of respondent's own making, arose only *when the appellant started to cross the road.* Whether or not an emergency was thereby created depends upon the position of the vehicles upon the highway.

The proffered witness, Mr. Haggith, did not see the position of respondent's motorcycle on the highway in relation to that of the appellant's automobile. His only testimony would be that he observed the appellant's position on the highway and that appellant suddenly turned his automobile to the left. His testimony would establish only the manner of the turning, rather than *when* the turn was made in relation to respondent's position on the highway. It would, therefore, contribute nothing toward proving respondent's lack of negligence.

The proffered evidence at best would be only cumulative or corroborative of respondent's testimony. Newly discovered evidence which is cumulative or corroborative only is not sufficient to sustain the trial court in the granting of a new trial. *Mitchell v. Mitchell,* 24 Wn. (2d) 701, 705, 166 P. (2d) 938 (1946); *Chadwick v. Ek,* 5 Wn. (2d) 554, 556, 106 P. (2d) 104 (1940), and cases cited; *Hardman Estate v. Mc-Nair,* 61 Wash. 74, 78, 111 Pac. 1059 (1910).

The trial judge's second reason for granting a new trial was that he was of the opinion that he should have given respondent's requested instruction No. 18. I agree with the majority that the refusal to instruct the jury in this regard was not error.

In my opinion, the order granting a new trial should be

reversed, and the cause remanded with instructions to enter judgment based upon the verdict of the jury.

February 24, 1960. Petition for rehearing denied.