[No. 13629. Department Two. February 2, 1917.]

EDWARD HENRY *et al.*, *Respondents*, v. NAVY YARD ROUTE, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR—PLEADINGS. Error cannot be assigned upon the denial of a motion to make a complaint more definite and certain, where defendant answered over and no prejudice was shown.

PLEADING—ISSUES AND PROOF—VARIANCE. In an action for personal injuries sustained in a fall on a disembarking stairway, it is not a material variance that the complaint alleged a brass nosing on the edge of the step had been suffered to become loose, and the proof showed that it was insufficiently secured.

WITNESSES—RESPONSIVENESS—CONVERSATIONS. Where a cross-examiner asks for a conversation had at a certain time, he cannot assign error in refusing to strike an answer which was in part responsive and relevant, although not what he sought to elicit.

CARRIERS—DEFECT IN SLIPS—EVIDENCE—OTHER ACCIDENTS. In an action for personal injuries sustained by a fall upon a defective disembarking stairway, it is competent to show that prior thereto others had tripped on the same defect.

TRIAL — INSTRUCTIONS — ISSUE — GENERAL NEGLIGENCE. Under a complaint charging specific acts of negligence, a charge to the jury on the subject of negligence is not open to the objection that it was too general, when it was as specific as the evidence was required to be.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered January 29, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger on a boat. Affirmed.

*Morris & Shipley* and *Paul S. Dubuar*, for appellant.

*F. W. Moore* and *Charles H. Miller*, for respondents.

FULLERTON, J.—The appellant is a common carrier of passengers, operating a line of steamboats between the city of Port Orchard, in Kitsap county, and the city of Seattle,

[1]Reported in 162 Pac. 584.

in King county.   On July 13, 1915, the respondent Eliza Henry became a passenger on one of the appellant's boats, and was carried from Port Orchard to the boat landing at Seattle.   On the arrival of the boat at Seattle, the respondent was directed to disembark by way of a stairway in the stern of the boat, and while descending the stairway, she fell and received injuries for which this action was brought.   The jury returned a verdict in favor of the respondents for the sum of $600, and from the judgment entered thereon, this appeal is prosecuted.

In their complaint the respondents alleged that the stairway was "negligently constructed, being very narrow, with insufficient number of steps for its height, and too great a pitch, without any handrail for the support of persons using the same, and was further defective in that upon the edge of the steps of the said stairway was a brass cleat, negligently constructed and placed thereon, not properly secured and which defendant had negligently allowed to become out of repair, in that, at various points, some of the brass cleats were bent upward for a space of from one-fourth of an inch to one inch, which facts were known to the defendant and its agents, or by the use of reasonable diligence could have been known to them, and which were unknown to the plaintiffs, and when about one-half the way down the said stairway, the heel of the shoe of the plaintiff Eliza Henry caught in the projecting edge of one of the said brass cleats, throwing her violently forward, and that by reason of the fact that defendant had negligently failed to provide a handrail for the said stairway, the said plaintiff was unable to prevent herself from falling when she endeavored to stay her fall, as she could have done had said handrail been provided, and she pitched heavily down about one-half the length of the said stairway," injuring "her left shoulder, back, spine, kidneys, and internal organs."

The appellant, on appearing in the action, moved that the complaint be made more definite and certain as to the nature

of the injuries received by the respondent, or, in the alternative, that a bill of particulars be furnished showing more fully such injuries.   This motion the trial court refused to grant, and its refusal constitutes the first error assigned. But the appellant, after the motion had been overruled, answered over and went to trial on the merits of the action. This, under ordinary circumstances, is a waiver of the objection.   It must appear, at least, that the appellant was prejudiced in presenting its defense by want of definiteness in the allegations, before it can claim error in the ruling of the court.   No such condition is shown in the present record. It appears, moreover, that, during a recess in the trial, the appellant took advantage of the statute (Laws 1915, ch. 63, p. 236; Rem. Code, § 1230-1 *et seq.*) and caused the injured respondent to be examined as to the nature and extent of her injuries by three physicians and surgeons.   Two of these were subsequently called by the appellant and testified fully as to the nature of the respondent's injuries.   We can hardly think that the appellant's defense could have been more fully developed had the plaintiff been compelled to state the nature of her injuries with the fullness that the appellant desired. Since no prejudice resulted from the ruling of the court, the ruling, even though technically erroneous, cannot avail on an appeal.

It is next contended that there was a variance between the pleadings and the proofs as to the cause of the injury.   On the motion of the appellant, the court withdrew from the jury all the allegations and proofs of negligence save that which related to the condition of the brass nosings on the edge of the steps.   One of these, it was shown, had been suffered to become loose so as to permit it to rise above the carpeting on the steps, and it was on this, the respondent testified, that she caught the heel of her shoe at the time she fell.   But while the allegation of the complaint is that the nosing was insufficiently secured, and the proof was that it had been

suffered to become loose, we are clear that this was proving the issue in substance. Since the substance only of the issue need be proven, it follows that, when such proof appears, there is no variance between the pleadings and proofs.

On the cross-examination of the injured respondent by the appellant's counsel, the following occurred:

"Q. And one of the employees of the ship or some gentleman other than Mr. Liter assisted in picking you up? A. No, the fellow they call Mike on the boat and some other man on the boat. Q. Are you sure this man Mike was there? A. Yes, sir. Q. And there was some conversation about when you fell at that time? A. I don't think there was. Q. Will you say there was not? A. I don't think there was any just at that time. Q. Immediately after you were picked up? A. Only when they laid me in the dining room, one of the employees with an apron on said he came near falling down three times himself that day, and that it was a very dangerous place. By Mr. Morris: I object to that and move that the answer be stricken and the jury instructed to disregard it, as not responsive to the question. Motion denied, exception allowed defendant."

The refusal of the court to strike the last answer and withdraw it from consideration of the jury is urged in this court as reversible error. Since the answer was, in part at least, responsive to the question, and the objection is to the whole of the answer, the appellant is not, strictly speaking, entitled to the benefit of its objection. *Spurlock v. Port Townsend Southern R. Co.*, 13 Wash. 29, 42 Pac. 520. But waiving this, we cannot think the refusal to grant the motion reversible error in any event. While a cross-examiner is not so far at the mercy of a designing witness that he must accept every voluntary statement made by such a witness whether or not it is relevant or responsive to his questions, yet he cannot complain if the witness anticipates him and answers concerning the matter of which he is evidently inquiring before the direct interrogation is put to him. Here the questions were utterly baseless if the conversation inquired about

was not wanted, for surely the conversation was the material matter; not whether there was or was not such a conversation at the particular time. It is not objectionable, of course, because it was not what the examiner sought to elicit, or that he may have been surprised thereby; these were chances that he took by pursuing the inquiry. Again, the answer was not incompetent nor irrelevant to the issue presented. One of the issues in the case was whether the appellant had notice of the defect prior to the time of the injury. Where such is the issue, it is competent and relevant to show that others, prior to such time, had been tripped on the same defect. *Armstrong v. Yakima Hotel Co.*, 75 Wash. 477, 135 Pac. 233.

The court, among others, gave the following instruction:

"I further charge you that if you find from the evidence that the plaintiff Eliza Henry was directed by an employee or agent of the defendant to use a stairway for the purpose of disembarking, and that the cleat or brass nosing on said steps was out of repair so that in using the same that the state of disrepair of said cleat or brass nosing was the proximate cause of the injury to the plaintiff Eliza Henry, and that she herself was without fault, then in that event you will find for the plaintiff in such sum as will reasonably and fairly compensate plaintiff for any medical expense or expense for nursing, and for any pain and suffering she has undergone in the past, or will undergo in the future as a result of the said injury alleged in plaintiff's complaint."

If we have correctly gathered the purport of the objection made to this instruction, it is that it is too general, that the complaint contained no general allegation of negligence, and that the court, therefore, should have confined the jury to the specific allegation of negligence set forth in the complaint. But, as we have said, the substance of the issue need only be proven, and clearly the substance of this issue was whether the appellant had suffered this brass nosing to become so far out of repair that it was liable to cause an injury to passengers passing over it when in the exercise of

due care.   The charge of the court was as definite as the proofs were required to be, and we find nothing erroneous in it.

There was no reversible error in the record, and the judgment will stand affirmed.

MORRIS, MOUNT, PARKER, and HOLCOMB, JJ., concur.