[No. 14030.  Department Two.  July 17, 1917.]

## John T. Gray, *Respondent*, v. Kate L. Hickey, *as Executrix etc., Appellant.*[1]

JUDGMENT—PARTIES CONCLUDED.  A decision on appeal in a former action between the same parties as to the sufficiency of a claim filed against an estate is conclusive in a subsequent action.

ELECTION OF REMEDIES—DISTINCT REMEDIES—LIENS AND BREACH OF CONTRACT.  Since there can be no lien upon wood for loss of profits through breach of a contract for cutting, an action to foreclose a lien for the cutting of wood is not an election of remedies barring a subsequent action to recover damages for loss of profits through breach of the contract.

APPEAL—REVIEW—VERDICTS.  A verdict upon questions of fact submitted to the jury is conclusive on appeal.

APPEAL—REVIEW—WAIVER OF ERROR.  Error in denying motions for nonsuit and for a bill of particulars, are waived, where the appellant went to trial and was not prejudiced in presenting the different defenses relied upon.

CONTRACTS—BREACH—ACTIONS—INSTRUCTIONS.  In an action for breach of contract, an instruction authorizing verdict for the plaintiff if the defendant paid "for the number of monthly installments, and refused to pay one or more thereafter," is not susceptible of the construction that it authorizes the jury to find for plaintiff if defendant did not pay money on the day it became due.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 16, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Guy E. Kelly* and *Thomas MacMahon*, for appellant.

*Wm. H. Pratt* and *Chas. Bedford*, for respondent.

Mount, J.—This action was brought to recover damages for an alleged breach of a written contract.  The cause was tried to the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff for $575.  The defendant has appealed.

[1]Reported in 166 Pac. 625.

It appears that, in March, 1915, M. J. Hickey entered into a written contract with respondent whereby respondent agreed to cut a certain number of cords of wood at a given price. He was to be paid on the 5th of each month for the wood cut during the preceding month. Soon after entering into this contract, Mr. Hickey died. The respondent continued the work under the direction of the executrix of the estate of Mr. Hickey. The work was paid for up to July. Thereafter, the executrix of the estate of Mr. Hickey refused to pay for wood cut during the months of July, August, and September, or thereafter, and the respondent thereupon filed a lien for the wood which had been cut under the contract. Afterwards, he brought a suit to foreclose the lien, and judgment was rendered in his favor. An appeal was prosecuted to this court, and the judgment of the lower court was affirmed as to the right of the respondent to a lien for the work he had done, but was modified in respect to other lien claimants. *Gray v. Hickey*, 94 Wash. 370, 162 Pac. 564.

Thereafter, this action was brought to recover damages for an alleged breach of the contract, and resulted in a judgment as above stated. Mrs. Hickey, as executrix of the estate, has appealed.

It is argued, first, that the complaint does not state a cause of action for the reason that the complaint does not allege a rejection of the claim filed with the executrix. The sufficiency of this claim, or one of the same nature, was presented upon the appeal in the other case, and we there held that the claim filed with the executrix of the estate was sufficient, without a formal rejection. It is unnecessary to further consider this question.

It is next claimed that the action is barred because of a previous election of an inconsistent remedy, and it is argued that, because the respondent brought an action to foreclose his lien for work done under the contract, he cannot now maintain this action for damages on account of the breach of the contract. There can be no doubt that, where a contract is

breached, the party injured may pursue one of two remedies: First, he may sue upon his contract and recover his loss of profits; or, second, he may waive the contract and sue upon a *quantum meruit;* but he cannot pursue both remedies, for they bear a different measure of damages. *Gabrielson v. Hague Box & Lumber Co.*, 55 Wash. 342, 104 Pac. 635, 133 Am. St. 1032. This is, no doubt, the general rule.

When the other action was brought by the respondent to foreclose his claimed lien, that action was based upon the contract for work which had been done. No claim was made in that case for damages occasioned by loss of profits for a breach of the contract. We are of the opinion that a lien may not be claimed for loss of profits. The appellant cites and relies upon the case of *Gould v. McCormick,* 75 Wash. 61, 134 Pac. 676, Ann. Cas. 1915A 710, 47 L. R. A. (N. S.) 765. That was a case where an architect had been employed to draw plans and superintend the construction of a building. Before the building was completed, he was discharged. He filed a claim of lien for services as architect and superintendent of the building, and was allowed to maintain his claim upon the contract, but the question of the right of a lien claim for profits or damages resulting from breach of the contract was neither considered nor alluded to in that case, and we did not intend to hold that a lien may be claimed for damages for the breach of a contract. We are satisfied that, under the statute, no such lien can exist. We are of the opinion, therefore, that the foreclosure of the lien in the former case was not an adjudication of the rights of the respondent in this case, and that there was no selection of remedies when the respondent brought his action to foreclose the lien which he claimed for work done, because the right to profits was not, and could not be, litigated in that case.

It is next argued by the appellant that the evidence shows that the appellant did not breach the contract, but that the respondent himself breached it. These are questions of fact

which were submitted to the jury and were resolved in favor of the respondent and are conclusive now. It is unnecessary, therefore, to discuss the evidence upon these questions.

It is next argued that the court erred in denying the appellant's motion for a nonsuit and in denying a motion for a bill of particulars. After these motions were overruled, the appellant filed an answer and went to trial. It does not appear that the appellant was prejudiced in presenting the different defenses which she relied upon to defeat the action. These errors, if they were errors, were therefore waived. *Parker v. Washington Tug & Barge Co.*, 85 Wash. 575, 148 Pac. 896; *Ryan v. Lambert*, 49 Wash. 649, 96 Pac. 232; *Henry v. Navy Yard Route*, 94 Wash. 526, 162 Pac. 584.

The court, among other instructions, gave the jury the following:

"You are instructed in this cause that, if you find that the contract alleged in the complaint was entered into between the parties, and that if the plaintiff had performed, and the defendant had received the materials, and paid for a number of monthly installments, and a refusal to pay one or more thereafter, especially if coupled with a notice that defendant would not pay for the same, and a refusal to measure up and receive the wood, that such action on the part of the defendant constituted a breach of defendant's part of this contract and the plaintiff was entitled to sue for and obtain full payment for all the work performed and not paid for, and reasonable damages in the shape of loss of profits for the balance of the contract. Providing he himself had not theretofore breached the contract. . . ."

The appellant criticises this instruction by saying that it is confusing and not clear, and authorized the jury to return a verdict against appellant if they found that she did not pay the money on the day it became due. The instruction, it seems to us, is quite clear, and is not susceptible of the construction that the appellant was required to pay on the day the payments became due, for it says "for a number of

monthly installments, and a refusal to pay one or more thereafter, especially if coupled with a notice that defendant would not pay for the same, and a refusal to measure up and receive the wood."

We think the jury could not have been misled by this instruction, for the contention of the respondent upon the trial was that there was an absolute refusal of the appellant to comply with the contract or to pay for the wood cut after July, 1915.

We have examined the record quite carefully in this case and fail to find any error therein. The errors alleged which we have not noticed are without merit.

The judgment is therefore affirmed.

ELLIS, C. J., FULLERTON, HOLCOMB, and PARKER, JJ., concur.