[No. 15269.   Department Two.   May 31, 1919.]

L. B. SWAFFORD, *Respondent*, v. HARRY LEVINE *et al.*, *Appellants.*[1]

APPEAL (414)—REVIEW—VERDICT. The verdict of a jury upon a direct conflict of fact will not be disturbed on appeal.

Appeal from a judgment of the superior court for King county, Hall, J., entered December 6, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Cassius E. Gates,* for appellants.

*Flick & Paul,* for respondent.

HOLCOMB, J.—Respondent Swafford was employed, as he alleges, from January 15 to May 15, 1916, in performing certain services for appellant Levine. For

[1]Reported in 181 Pac. 682.

these services, he alleges, it was agreed that he was to
receive $200 a month, and for the failure of appellant
to pay such sum, he brought this action on account of
balance of wages and expenses due him. Appellant
defended in the court below on the ground of payment
and release, and in support of that contention, pre-
sented the following purported receipt:

"Agreement

"For and in consideration of $153 to me in hand
paid this day by the Carnation Lumber & Shingle
Company, L. H. Burnett and Harry Levine, I, the un-
dersigned do hereby release and discharge the said
Carnation Lumber and Shingle Company, a corpora-
tion, L. H. Burnett and Harry Levine, from any and
all claims of any and every kind whatsoever, whether
for money or otherwise, which I have or might have
against said company and individuals.

"Signed at Seattle, Washington, this 6th day of
March, 1917.

"Witnessed.          (Signed) L. B. Swafford."

The case was tried to the court with a jury, and re-
sulted in a verdict for the plaintiff in the sum of
$670.

The gist of the respondent's claim in the court be-
low was that he was employed to look up mill sites, to
cruise lands, and to select machinery for a proposed
shingle mill, location of which had not then been de-
termined upon. It is admitted that, after going over
various tracts, appellant Levine took an option on a
mill and certain timber adjacent, on the recommenda-
tion of Swafford, which option was superseded by a
lease of the mill by a corporation in which Levine was
virtually a half owner.

Save for this general outline, the evidence is in di-
rect conflict. As to the receipt above mentioned, Swaf-
ford made two assertions, first, that it was fraudu-
lently obtained; and second, that the instrument had

been plead in another suit between the same parties, and the amount therein deducted from the judgment awarded Swafford, and hence could not be properly used as an offset in this cause. The jury apparently found as to the fact, and, as we have seen, rendered verdict for Swafford with knowledge of this instrument and the diverse evidence regarding same on behalf of the parties.

There is nothing before us but disputed facts, and we shall not presume to disturb the findings of a jury which heard and saw the witnesses. The position of this court has been very definitely stated upon the question of reviewing the findings of a jury in a conflict of fact, and we shall not depart from that position in this case. *McKenzie v. North Coast Colliery Co.,* 55 Wash. 495, 104 Pac. 801, 28 L. R. A. (N. S.) 1244; *Merrill v. Stevens & Co.,* 61 Wash. 28, 112 Pac. 353, Ann. Cas. 1912B 1011; *Auwarter v. Kroll,* 89 Wash. 347, 154 Pac. 438; *Willett v. Seattle,* 96 Wash. 632, 165 Pac. 876; *Gray v. Hickey,* 97 Wash. 278, 166 Pac. 625.

Judgment on the verdict will be affirmed.

CHADWICK, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.