[No. 30613. Department Two. December 9, 1948.]

BERT BRAACK *et al., Appellants,* v. CLARA BODE BAILEY, *Respondent.*[1]

*Fred M. Bond,* for appellants.

*A. M. Abel* and *Stanley J. Krause,* for respondent.

SIMPSON, J.—Action was instituted by plaintiffs for the purpose of recovering damages occasioned by the conversion of personal property. The cause, tried to the court sitting with a jury, resulted in a verdict favorable to the defendant.

[1]Reported in 200 P. (2d) 525.

Plaintiffs' motion for a new trial was denied. Thereafter, plaintiffs appealed from the judgment based upon the verdict.

We summarize the evidence as follows: Appellants were copartners engaged in the business of felling timber and transporting it to market. The property involved in this action was a caterpillar and a yarder used in the logging operations. As shown by defendant's exhibit No. 2, appellants, on June 25, 1946, purchased the property from respondent by conditional sales contract. The sale price of the caterpillar was six thousand dollars; that of the yarder was thirty-five hundred dollars. Five hundred dollars was paid at the time the contract was signed. The balance was to be paid at the rate of five hundred dollars each month. Appellants did not make any of the monthly payments upon the contract.

April 21, 1947, respondent notified the appellant by mail that they had not made any of the deferred payments provided for in the contract, and that, unless she received payment in thirty days, she would repossess the personal property covered by the agreement. June 5, 1947, she made oral demand for the return of the yarder and the caterpillar. June 9, 1947, Roy Cooper, as agent for respondent, went to the place where appellants were operating to take possession of the equipment described in the contract. On the way, he met appellants and was told by them to take the equipment. One witness testified that appellants stated that the property "was up there and ready to go." Another testified that appellants said, "Go ahead and take it." Mr. Cooper then, on behalf of respondent, took possession of the caterpillar and yarder.

Appellants' testimony was to the effect that respondent changed the sales contract after it was signed by adding thereto the description of the yarder. They never consented to any change in the contract. Respondent asked for and accepted the chattel mortgage on the yarder, and placed it on record July 5, 1946. Bert Braack was not present when the claimed consent was given to Cooper to take the prop-

erty, and Cecil Braack did not consent to the taking of the property by respondent's agent, Cooper.

The court instructed the jury upon the following issues: (1) Was the yarder sold to appellants by contract, or was the sale financed by a chattel mortgage? (2) Did respondent waive the forfeiture clause contained in the contract? (3) Was reasonable notice given by respondent to appellants, demanding compliance with the terms of the contract or the return of the property? (4) Did appellants voluntarily surrender possession of the yarder and the caterpillar?

The verdict of the jury resolved these issues in favor of respondent. No exceptions were taken to the instructions given by the trial court. They therefore became the law of the case and are binding upon the parties to this action. *Cartledge v. Allen,* 25 Wn. (2d) 300, 170 P. (2d) 660.

Appellants, in their brief, argue the various points presented under the claim that the court refused to grant a new trial. The first contention is that one partner does not have the power to transfer all of the partnership property without the knowledge or consent of the other partner. It is not necessary to discuss this proposition for the reason that the evidence does not indicate that the caterpillar and yarder constituted all of the partnership property. Another reason for declining a discussion of this question is that there was evidence submitted to the jury to the effect that both partners told Mr. Cooper to take possession of the property.

The next argument relates to appellants' contention that the yarder was not sold on a conditional sales contract, but was financed by a mortgage in favor of respondent. The evidence submitted upon this question was in dispute. There was sufficient evidence to justify the jury in concluding that the yarder was sold on conditional sales contract. That being true, it follows that we cannot disturb the verdict. The same conclusion must follow regarding appellants' claim that no notice was given to them of respondent's intention to declare a forfeiture of the contract and to repossess the property. The jury considered the evidence presented by appellants and by respondent and decided in favor of respondent.

Appellants complain of the court's refusal to allow them to introduce evidence relative to certain improvements they had made on the yarder. We are of the opinion that the question of admissibility is not now important in view of the fact that the jury on the main issue found that appellants could not recover on their claim of conversion.

The next objection presented has to do with the refusal of the court to allow in evidence four certified copies of judgments showing that the witness Cooper had been convicted of crimes. The witness admitted all of the convictions as evidenced by the copies of the judgments. The evidence sought to be proven by the introduction of the exhibits was merely cumulative. In such cases, it is within the discretion of the trial court as to whether the evidence should be admitted, and the ruling of the trial court will not be disturbed unless it appears that it abused its discretion. *Girardi v. Union High School Dist. No. 1*, 200 Wash. 21, 93 P. (2d) 298. We hold that the court did not abuse its discretion in refusing to allow the introduction of the exhibits.

Finally, appellants urge that respondent's counsel was guilty of misconduct. This contention is based upon a question asked of Cecil Braack about the yarder's being "in soak at the bank," and upon counsels' argument that appellants were young men with "a lot of business experience" and respondent was seventy-eight years of age. We are unable to find any misconduct of counsel either in using the vernacular in asking the question or in commenting on the business experience of the appellants and the age of respondent.

Some other objections have been made relative to the trial and the rulings of the trial judge. We have considered the objections, which are of minor importance, and find no merit in them. The trial was properly conducted. The jury returned a verdict in accordance with the weight of the evidence as they found it to be, and the instructions of the

trial court to which there was no objection. Under these circumstances, we cannot disturb the verdict.

The judgment is affirmed.

MALLERY, C. J., MILLARD, ROBINSON, and SCHWELLENBACH, JJ., concur.