[No. 37156.   Department Two.   September 3, 1964.]

JOAN CAROLYN COOK, *Appellant*, v. BERNARD J. ROBECK *et al.*, *Respondents.**

*Reported in 395 P. (2d) 89.

*Griffin & Johnson,* for appellant.

*Paul D. Hansen* (of *Anderson & Hunter*), for respondents.

DONWORTH, J.—The trial court dismissed appellant's suit on sustaining respondent's challenge to the sufficiency of the evidence after both parties had rested.

Appellant admits being contributorially negligent, and respondent admits that there is present in this case evidence of negligence on his part. Appellant's only contentions on appeal are that respondent was guilty of wilful and wanton misconduct and that respondent had the last clear chance to avoid the accident, even though she was contributorially negligent.

Appellant, a girl of almost 16 years of age at the time of the accident, was struck by respondent's dump truck as she crossed Highway 99, south of Everett in Snohomish County, where it intersects with Lincoln Road. Appellant and a classmate were on their way home from school and had to cross the highway to reach their respective homes on the opposite side. Respondent was driving south on the highway up a slight grade toward the point where the accident occurred. Appellant was struck by the right corner of the bed of respondent's truck as she walked across the highway while looking in the opposite direction from the approaching vehicle. The truck was brought to a stop a short distance from the spot where she was hit.

Appellant's claim is for severe personal injuries suffered because of the accident. The case came to trial before the court sitting with a jury and both sides presented their evidence in a week-long trial. Respondent then moved to

dismiss the case because of insufficiency of the evidence to show liability, and the trial court granted the motion. This appeal followed.

■ The test to be used in reviewing a challenge to the legal sufficiency of the evidence is stated in *Davis v. Early Constr. Co.*, 63 Wn. (2d) 252, 254, 386 P. (2d) 958 (1963):

"We have oft repeated the rule that a challenge to the sufficiency of the evidence, or a motion for nonsuit, dismissal, directed verdict, new trial, or judgment notwithstanding the verdict, admits the truth of the opponent's evidence and all inferences which can reasonably be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party and in a light most favorable to the opponent. No element of discretion is involved. Such motions can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the opponent's claim. *Frasch v. Leedom*, 62 Wn. (2d) 410, 383 P. (2d) 307; *Miller v. Payless Drug Stores of Washington, Inc.*, 61 Wn. (2d) 651, 379 P. (2d) 932; *Lambert v. Smith*, 54 Wn. (2d) 348, 340 P. (2d) 774; *Williams v. Hofer*, 30 Wn. (2d) 253, 191 P. (2d) 306."

We apply this test to appellant's two principal contentions.

First, appellant contends that there is evidence in the record from which the jury could find respondent's conduct to be wilful, wanton, and reckless, and then cites *Adkisson v. Seattle*, 42 Wn. (2d) 676, 258 P. (2d) 461 (1953), for the definition of wilful and wanton misconduct.

In substance, the following is appellant's basis for her claim that respondent was guilty of wilful and wanton misconduct; respondent was operating an 18,000-lb. dump truck, loaded with leaf mold, with defective brakes on Highway 99, where he knew or should have known that people were crossing. He was thus guilty of wilful and wanton misconduct.

■ The evidence presented at the trial in substance shows that respondent had operated his truck over the same route every day and had had no previous accidents or brake trouble. There is some evidence tending to show that the brakes on the truck were not 100 per cent effective when tested after the accident. While this may be evidence of negligence, as respondent admitted in oral argument,

it is not sufficient evidence to allow the issue of wilful and wanton misconduct to go to the jury.

Also, in order to have the issue submitted to the jury, respondent must have knowledge of the defect, which would make his conduct wilful or wanton within the rule of *Adkisson v. Seattle, supra.*

The only evidence urged upon this court to support the position that respondent had knowledge of a brake defect prior to the accident, or at least that he should have had such knowledge, is raised by respondent's own testimony. Respondent, being called as an adverse witness, stated, on direct examination by appellant's counsel, that brake fluid may have been added at a service station where he had had the brakes checked 3 weeks prior to the accident. Also, respondent stated that his brakes had been given a regular check about 7 weeks prior to the accident.

The trial court considered the evidence presented on this issue and, in its oral opinion, stated:

"The testimony is undisputed that there were fifty feet of tire marks left [by the truck's swerving] and then 37 and a half feet of skidmarks left [by the right rear dual wheels]; that apparently the girl struck the car [truck] some time after the brakes were applied. This is indisputable, that she contacted the vehicle after the brakes were applied.

"Plaintiff [appellant] has urged upon this court that there was wanton misconduct on the part of defendant in that he knew or should have known that his brakes were defective. Even assuming that the brakes were defective, there is no evidence in this matter whatsoever that he knew of such or that he has reason to know. . . . I don't feel that there is any evidence to submit to the jury on the question of wanton misconduct."

The evidence presented at the trial is not sufficient to show respondent's knowledge of a brake defect, assuming that a brake defect did, in fact, exist. The fact that respondent had had his brakes checked or that he had added brake fluid does not show knowledge on his part of a brake defect which would amount to wilful or wanton misconduct. This conclusion is supported by the fact that the brakes were working, although not at 100 per cent efficiency, but

this fact would only be evidence of negligence. We agree with the trial court that there was no evidence to submit to a jury on the issue of wilful or wanton misconduct.

Next, appellant urges that there is evidence that would allow the submission to the jury of the issue of a last clear chance to avoid the accident on the part of respondent. In substance, the whole issue of last clear chance centers on the credibility of the testimony of John Cook, appellant's brother, who spoke with respondent shortly after the accident, and testified:

"Q. Can you tell us what Mr. Robeck told you about the accident? A. He told me that he had been driving up Highway 99. He didn't use very specific terms—he used generalities—and he said he was quite a ways away when he saw the little girl walk out onto the pavement. He said he changed lanes, hoping that she would see him and stop, and she didn't—she kept looking. This is all his words— she kept looking south and he kept right on going until she walked right into the side of him, at which time he applied his brakes, or tried to. And he told this to Gene Skodje and myself."

The trial court stated that he could give no weight to John Cook's testimony, because, at most, it amounted to only a scintilla and was so contradicted by the physical facts that there was no issue to be submitted to the jury on the last clear chance theory.

■ Ordinarily, the credibility and weight to be given such testimony is a question for the jury. *Helman v. Sacred Heart Hospital,* 62 Wn. (2d) 136, 381 P. (2d) 605 (1963). But, as we said, in *Fannin v. Roe,* 62 Wn. (2d) 239, 382 P. (2d) 264 (1963),

". . . when 'physical facts are uncontroverted and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ.' *Mouso v. Bellingham & Northern R. Co.,* 106 Wash. 299, 303, 179 Pac. 848." (p. 243.)

See, also, *Roloff v. Bailey,* 46 Wn. (2d) 358, 281 P. (2d) 462 (1955), where the physical facts regarding a pedestrian accident overcame testimony directly in conflict.

The physical facts of the present accident, as given by an

investigating state patrolman in his testimony, show that respondent's truck left tire marks on the pavement from the turning of its wheels in an arc which extended from the outside edge of the roadway into the inside lane for a distance of 50 feet. Then the truck left skid marks on the pavement beginning immediately after the turning arc and extending for 37½ feet. It was also shown that the truck traveled approximately a distance of only 25 feet after appellant was struck. Photographs of the accident scene, taken before the truck was moved, support this version of the accident. These physical facts are in direct conflict with John Cook's testimony, which would have respondent's truck in a different lane of the highway and have respondent making no braking effort until after appellant was struck.

These physical facts are also in agreement with respondent's version of the accident and with the testimony of Donald A. McKay, who was following respondent's truck in his own vehicle. The testimony given by two other eyewitnesses also supports the fact that, as appellant stepped out on the highway in front of the truck, respondent swerved his truck and skidded his right rear dual wheels.

In discussing the applicability of the doctrine of last clear chance in *Shiels v. Purfeerst,* 39 Wn. (2d) 252, 256, 235 P. (2d) 161 (1951), this court said:

"In our consideration of the applicability of the doctrine of last clear chance to the instant situation, we are not concerned with respondent's contributory negligence as such nor with appellant's antecedent negligence, if any. What must be determined is whether appellant had a last clear chance, under all the circumstances, to avoid the accident. When he saw the respondent's peril he had the duty to try to avoid injuring him. This he did, as even respondent asserts, by skidding one hundred twenty feet. It is true his effort was unsuccessful, but appellant is not rendered liable thereby. He simply failed in his effort to escape the natural results of the emergency created by respondent's negligence. The quantum of his effort precludes finding that he had a last clear chance to avoid the injury. At best there was only a possibility of success. That is not enough. See *Bergstrom v. Ove, ante* p. 78, 234 P. (2d) 548, and *Shultes v. Halpin,*

33 Wn. (2d) 294, 205 P. (2d) 1201. The doctrine of last clear chance is not available to respondent in this case."

Accord: *Roloff v. Bailey, supra; Kerlik v. Jerke,* 56 Wn. (2d) 575, 354 P. (2d) 702 (1960).

We are of the opinion that these cases are applicable to the case at bar. In an attempt to avoid contact with appellant, respondent reacted as soon as he became aware that she was walking onto the highway. Even though he might have noticed her standing on the shoulder of the highway when his truck was at a greater distance, respondent was not put on notice that appellant might voluntarily place herself in a position from which she could not extricate herself until she started walking across the highway. The evidence clearly shows that respondent immediately swerved his truck onto the left-hand lane and skidded his right rear wheels in an attempt to avoid the accident. That he was unsuccessful is immaterial. He did not have a last *clear* chance to avoid the accident.

Accordingly, the trial court was correct in its holding that there was insufficient evidence in this case to show that the doctrine of last clear chance was applicable.

We find no error in the trial court's sustaining respondent's challenge to the sufficiency of the evidence and its refusal to submit the case to the jury. The judgment of the trial court is hereby affirmed.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.

November 19, 1964. Petition for rehearing denied.