[No. 38789.   Department One.   August 17, 1967.]

HARRY TOFTOY, *Respondent,* v. OCEAN SHORES PROPERTIES, INC., *Appellant.*\*

*Parker & Parker,* by *Lester T. Parker,* for appellant.

*Miracle, Treadwell & Pruzan,* for respondent.

\*Reported in 431 P.2d 212.

834

SHORETT, J.†—On December 28, 1963, the plaintiff-respondent sustained a broken leg while dancing on a dance floor operated by appellant corporation, Ocean Shores Properties. The cause of the injury was alleged to have been a defective and unsafe dance floor, the condition of which was known by appellant for a considerable period of time and not remedied. According to several witnesses, the floor which was of portable construction, had a tendency to pull apart leaving a crack between sections. Its condition had previously caused one serious accident, and several people had caught their heels and stumbled. The case was submitted to a jury which returned a verdict in the amount of $44,500. Judgment having been entered in accordance with the verdict, appellant appeals, assigning as error:

(1) The failure of the trial court to admit in evidence certified copies of complaints verified by the respondent relating to prior actions wherein he sued for personal injuries.

(2) The admittance in evidence of two photographs of the dance floor which were taken some time before the accident in question and which purported to show the condition of the floor at the time of a prior accident to one Joseph C. Kirchen.

(3) The allowance of the testimony of Joseph C. Kirchen concerning the details of his own accident.

(4) The failure of the court to grant judgment notwithstanding the verdict.

(5) The failure of the court to grant a new trial.

█ In his first assignment of error, appellant argues that two complaints alleging previous accidents and a permanent injury should have been admitted in evidence because they contradicted statements made by respondent on direct examination to the effect that he was completely recovered from the prior accidents. On cross-examination, the impeaching statements made in these complaints were presented to the jury in detail and with reiteration. The evidence excluded would merely have been cumulative,

†Judge Shorett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

and its admittance was within the discretion of the trial court. *Hartman v. Port of Seattle,* 63 Wn.2d 879, 389 P.2d 669 (1964); *Mullin v. Builders Dev. & Fin. Serv., Inc.,* 62 Wn.2d 202, 381 P.2d 970 (1963); *Braack v. Bailey,* 32 Wn.2d 60, 200 P.2d 525 (1948); *Girardi v. Union High School Dist. No. 1,* 200 Wash. 21, 93 P.2d 298 (1939); *Sound Timber Co. v. Danaher Lumber Co.,* 112 Wash. 314, 192 Pac. 941 (1920); *In re West Marginal Way, Seattle,* 109 Wash. 116, 186 Pac. 644 (1919).

The second and third assignments of error will be considered together since they both relate to a previous accident which occurred 2 months earlier when an entertainer, Joseph C. Kirchen, fell on the floor and broke his leg. Photographs of the floor purporting to show the same alleged defective condition were admitted and Mr. Kirchen, testifying on deposition, was allowed to state in detail the condition of the floor 2 months before respondent's accident. The trial court refused to strike his answers that the floor was "in very poor shape" and "hard to work on."

Appellant's argument is that the photographs should have been excluded as prejudicial since they were taken long before respondent's accident and also that the trial court permitted too much detailed testimony regarding Kirchen's accident.

Evidence of a prior accident which occurred under the same or substantially similar circumstances is admissible for the purpose of showing a dangerous or defective condition and the defendant's notice of such condition. *Blood v. Allied Stores Corp.,* 62 Wn.2d 187, 381 P.2d 742 (1963); *Porter v. Chicago, M. St. P. & P. R.R.,* 41 Wn.2d 836, 252 P.2d 306 (1953); *Henry v. Navy Yard Route,* 94 Wash. 526, 162 Pac. 584 (1917); *Armstrong v. Yakima Hotel Co.,* 75 Wash. 477, 135 Pac. 233 (1913).

Mr. Kirchen identified the photographs as fair representations of the floor on the night his accident occurred. This was only about two months before, on the same floor, and, according to substantial testimony, at the same spot the accident in question took place. The photographs were evidence of a prior similar occurrence which

was not too remote in time or circumstance to be probative of the alleged continuing defect in the dance floor. Several witnesses described the floor's condition as it existed on the dates of both accidents. A photograph is sufficiently authenticated when a witness testifies that it accurately portrays the subject illustrated. *Kelley v. Great Northern Ry.*, 59 Wn.2d 894, 371 P.2d 528 (1962); *State v. Tatum*, 58 Wn.2d 73, 360 P.2d 754 (1961).

The admission or rejection of photographs lies in the sound discretion of the trial court. Since the photographs admitted were identified as accurately representing the condition of the floor at a prior time, which was probative of the condition of the floor at the time of the accident in question, the trial court did not abuse its discretion in admitting the photographs. *Brown v. General Motors Corp.*, 67 Wn.2d 278, 407 P.2d 461 (1965); *Mason v. Bon Marche Corp.*, 64 Wn.2d 177, 390 P.2d 997 (1964); *State v. Griffith*, 52 Wn.2d 721, 328 P.2d 897 (1958); *State v. Nyland*, 47 Wn.2d 240, 287 P.2d 345 (1955); *Kiessling v. Northwest Greyhound Lines, Inc.*, 38 Wn.2d 289, 229 P.2d 335 (1951); *Kellerher v. Porter*, 29 Wn.2d 650, 189 P.2d 223 (1948); *Brewer v. Berner*, 15 Wn.2d 644, 131 P.2d 940 (1942).

The trial court's action in refusing to strike statements of Kirchen that the floor was "in very poor shape" and "hard to work on" was of such little consequence that a new trial would not be justified on this ground. We find no prejudice in the court's ruling.

Appellant next contends that there was insufficient evidence to support a jury verdict that the accident was caused by appellant's negligence, and, therefore, the court erroneously denied judgment notwithstanding the verdict.

■ Viewing the evidence in a light most favorable to the respondent, as we must in a challenge to the sufficiency of the evidence, it reveals the following: At the time of the accident respondent was dancing smoothly, his foot suddenly caught as though glued to the floor, there was a ¼ to ½ inch crack in the floor at the point where his foot caught; several weeks earlier another party had broken his leg when he caught his heel in the same crack in the floor. We

find that, viewed in accordance with the rule, the evidence is sufficient to support the jury's determination that the crack in the floor was the proximate cause of the accident. *Hansen v. Pauley,* 67 Wn.2d 345, 407 P.2d 811 (1965); *Cook v. Robeck,* 64 Wn.2d 890, 395 P.2d 89 (1964); *Frasch v. Leedom,* 62 Wn.2d 410, 383 P.2d 307 (1963). Although there is no direct testimony that respondent's foot did in fact catch in the crack in the floor, there is sufficient circumstantial evidence to carry this issue to the jury. *Presnell v. Safeway Stores, Inc.,* 60 Wn.2d 671, 374 P.2d 939 (1962).

■ Appellant finally assigns error in the failure of the trial court to grant a new trial because of the size of the verdict. Respondent suffered a compound, comminuted fracture of both bones of the right leg. Bones perforated the skin; union of the fractures was delayed necessitating a bone graft 10 months after the accident; a cast had to be worn from toe to hip for 16 months; crutches or a cane had to be used for 1½ years; and respondent could not work for over 2½ years. The leg was permanently shortened causing a pronounced limp; injury to the knee resulted from wearing the cast for such a long time; disc surgery and cartilage removal from the knee might be required in the future; and medical expenses already incurred were substantial. This court may not substitute its judgment for that of the jury on the issue of damages. There was sufficient evidence to sustain the verdict. *Lyster v. Metzger,* 68 Wn.2d 216, 412 P.2d 340 (1966). We can find nothing in the record to indicate that the verdict was the result of passion or prejudice. Nor can we say that there was a lack of credible medical testimony upon which the jury could base its verdict. *Guy v. Northwest Bible College,* 64 Wn.2d 116, 390 P.2d 708 (1964).

Judgment affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.