[No. 41193.     Department One.     May 7, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. CURTIS EDWARD ROWE, JR., *Appellant*.*

*M. Gerald Herman* (of *Herman & Maimon*), for appellant (appointed counsel for appeal).

*Reported in 468 P.2d 1000.

*Charles O. Carroll* and *George T. Mattson,* for respondent.

STAFFORD, J.—A jury convicted defendant of the crimes of second-degree assault and of taking and riding in a motor vehicle without the owner's permission. He appeals from the judgment and sentence.

Court appointed trial counsel withdrew from the case after filing the notice of appeal. Thereafter counsel appointed for appeal submitted a motion to withdraw and supported it with a brief in accordance with the rule announced in *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

The brief suggests four possible assignments of error. Counsel's detailed analysis of each has caused him to conclude that the appeal is frivolous. The prosecuting attorney has moved to dismiss the appeal on the same ground.

The defendant was timely furnished with the statement of facts, copies of his counsel's motion to withdraw and supporting brief as well as the state's motion to dismiss the appeal. Although informed of his right to submit a brief pro se, defendant has not done so.

We have examined the complete record in detail and have given careful consideration to the four assignments of error. None has merit.

The first assignment of error relates to identification of the defendant by means of police photographs. The victim examined 12 pictures, 2 of which were of the defendant. It is suggested that this may have unduly emphasized his identity.

■ We recognize the danger of possible overemphasis where more than one photograph of the same individual is used in a group of pictures submitted for examination. Nevertheless, the facts of this case do not reflect such a hazard. Defendant was clean shaven in exhibit No. 10 and bearded in exhibit No. 16. The fact that he had a different appearance in each picture, together with the large number of photographs submitted for identification, eliminated the

likelihood that inordinate importance would be attached to either or both.

A description including height, weight and color of hair appeared on exhibit No. 16. No other photograph had such information. It is suggested that this may have unduly emphasized defendant's identity. We do not agree.

A preliminary hearing was held pursuant to CrR 101.20W. The identifying witness testified that he had not seen the description on exhibit No. 16. It is undisputed that his first selection was exhibit No. 10, thus showing his choice was not influenced by the description that appeared on exhibit No. 16. Furthermore, neither the fact of photographic identification nor the pictures was used at the trial. Thus any question of the admissibility or prejudicial effect of the exhibits is moot.

Finally, counsel raises the question of whether the use of exhibits No. 10 and No. 16 tainted either the police "lineup" or the "in court" identification of the defendant. The record does not disclose that the identifying witness was improperly influenced by the photographs or that he exhibited any hesitancy or self-doubt in otherwise identifying defendant. Under the test laid down in *Simmons v. United States*, 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968), we cannot say that the "photographic identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."[1]

A second assigned error involves the state's use of photographs showing the scene of the crime. Some were taken during the day by natural light and others at night with flash bulbs. It is argued that the photographs do not accurately depict the area as viewed by the witnesses at night under artificial light.

We have consistently held that the admissibility of photographs is discretionary. *Toftoy v. Ocean Shores Properties, Inc.*, 71 Wn.2d 833, 431 P.2d 212 (1967); *State v. Tatum*, 58 Wn.2d 73, 360 P.2d 754 (1961). In this instance, the

---

[1] We expressly adopted the test in *State v. Kearney*, 75 Wn.2d 168, 449 P.2d 400 (1969) and followed it in *State v. Gefeller*, 76 Wn.2d 449, 458 P.2d 17 (1969).

trial court limited the jury's consideration of the photographs by informing them that the exhibits were admitted to show only the "lay of the land" and that they did not purport to illustrate lighting conditions at the scene of the crime. The trial court did not abuse its discretion.

Shortly after his arrest, the police asked defendant to take a polygraph test. The record does not disclose that they took any further action in this regard. Later, while still unrepresented by counsel, defendant requested such a test. The examination was given, although there was no stipulation concerning admissibility of the results. In any event, the report of the test was inconclusive.

Before trial, defendant revealed a plan to inform the jury of his offer to take the test. He argued that he had persistently denied his guilt and that his request to take the test was consistent with a desire to establish his innocence. He contended that his offer to submit to the test was the best evidence of his credibility on the subject.

The judge indicated that if defendant offered evidence of his willingness to take the test, the state might be permitted to disclose the results. In the end, however, the court reserved its ruling. Error is assigned to the court's tentative ruling.

Basically, defendant now asserts his offer of proof did not go to the results of the test but only to establish his willingness to take the polygraph test in order to show a state of mind, a consciousness of innocence. The argument is without merit.

■ Since it is generally held that polygraph tests are not judicially acceptable, 22A C.J.S. *Criminal Law* § 645 (2) (1961), it is obvious that a defendant should not be permitted to introduce evidence of his professed willingness to take such a test. *Commonwealth v. Saunders*, 386 Pa. 149, 125 A.2d 442 (1956); *State v. Chang*, 46 Hawaii 22, 374 P.2d 5 (1962). At best such an offer is a self-serving act or declaration which is made without any possible risk. If the offer is accepted and the test given, the results cannot be used in evidence whether they were favorable or unfavorable. *Commonwealth v. Saunders, supra; State v. LaRocca,*

81 N.J. Super. 40, 194 A.2d 578 (1963). In short, a defendant has everything to gain and nothing to lose by making the offer, so the conduct underlying the so-called inference of innocence can well be feigned, artificial and wholly unreliable.

Thus, even if the defendant was effectively precluded from raising the issue by fear that the test results might be disclosed, the trial court committed no error. The defendant's offer of evidence was patently self-serving and thus inadmissible at the outset. *State v. Totten,* 67 Wash. 192, 121 P. 70 (1912). The third assignment of error is not well taken.

Counsel's last assignment of error pertains to a failure of the police to repeat the warning required by *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966) prior to the taking of defendant's third and fourth "in custody" statements.

█ Defendant was properly informed of his rights at the time of his arrest and again before giving his first and second written statements. *Miranda* does not require the police to make repeated recitations of a defendant's constitutional rights before the taking of each subsequent statement. *State v. Blanchey,* 75 Wn.2d 926, 454 P.2d 841 (1969); *State v. Lucia,* 74 Wn.2d 819, 447 P.2d 606 (1968). Having been informed of his rights three times and having intelligently waived them, statements taken within the next 48 hours cannot be said to have been made without knowledge of his rights.

█ Our review reveals another possible error. At the state's request, a prior fingerprint card of defendant was marked for identification in the presence of the jury. In the absence of the jury, the defendant argued that mere reference to the exhibit improperly implied a prior arrest or possible conviction. Inasmuch as the defendant had not taken the stand or otherwise placed his character in issue, the trial judge inquired whether the defendant desired to move for a mistrial. After due consideration, defendant withdrew his objection and the state proceeded without further reference to the card. Having failed to move for a

mistrial at this early stage of the proceeding, defendant must now abide the result. *State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969).

Later the defendant took the stand and testified about his prior criminal record. Nothing indicates that his decision was forced by the state's earlier reference to the fingerprint card. Thus the original error, if any, was rendered harmless.

The record presents no valid issues on the merits. The appeal is frivolous and counsel's motion to withdraw is granted. The appeal is dismissed and the judgment and sentence is affirmed.

HUNTER, C. J., FINLEY and HAMILTON, JJ., and HILL, J. Pro Tem., concur.