[No. 2830-1.    Division One.    November 25, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY CLAY
TOLLETT, *Appellant*.

*Wilbert Maez* of *Seattle-King County Public Defender*,
for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Gregory P. Canova, Deputy*, for respondent.

FARRIS, J.—Henry C. Tollett appeals from a judgment
entered on a jury verdict which found him guilty of attempted second-degree burglary.

He assigns error

1. To the failure of the trial court to grant his motion to
sever his trial from that of his codefendant who exchanged
gunfire with police officers at the scene, wounding one of
them.

2. To the introduction of certain photographic evidence.

3. To the introduction of exhibit No. 59 (an envelope
containing a bullet fragment) on the theory that no proper
showing was made as to the chain of custody.

4. To the failure of the trial judge to instruct the codefendant to cease falling asleep during the trial and the
failure to strike his testimony on the theory that it was
given while he was under the influence of drugs.

5. To the failure of the trial court to allow immediate inquiry into possible misconduct of a juror at the time the motion was made at trial.

We find no error and affirm.

Tollett argues that his motion to sever his trial from that of his codefendant, made pursuant to RCW 10.46.100, as superseded by CrR 4.4(c), should have been granted because the defense strategies of the two were inconsistent; Eldridge was going to testify on his own behalf, a fact allegedly known by the court, and his testimony would implicate Tollett in a manner inconsistent with Tollett's alibi defense.

The record reflects that the motion to sever was made and denied on June 21, 1973, and again at the beginning of the trial on August 22, 1973, but was not renewed at the close of the evidence. It is the State's position that the issue of whether the motion to sever was improperly denied is not before this court because of Tollett's failure to renew his motion to sever at the close of "all the evidence." We disagree. CrR 4.4(a)(1) provides that:

(a) *Timeliness of Motion; Waiver.*
(1) A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before *or* at the close of all the evidence if the interests of justice require. Severance is waived if the motion is not made at the appropriate time.

(Italics ours.) Tollett complied with this provision by his pretrial motion of June 21, 1973. CrR 4.4(a)(2) provides:

If a defendant's pretrial motion for severance was overruled he may renew the motion on the same ground before *or* at the close of all the evidence. Severance is waived by failure to renew the motion.

(Italics ours.) In renewing his motion to sever at trial (Statement of Facts at 23), Tollett renewed his motion *before* the close of all the evidence. His failure to make it again at the close of all the evidence did not waive the motion.

Nothing in the record suggests that the trial court was in error in concluding that severance was not necessary to "promote a fair determination of the guilt or innocence of a defendant." CrR 4.4(c)(2)(i). Although the codefendant testified and admitted that the two knew each other and that they went to the condominium in question on the morning of the crime, he denied that either he or Tollett committed the crime. He was subjected to cross-examination. *See Bruton v. United States*, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968). The record contains testimony of several eyewitnesses who placed Tollett at the scene and, in addition, he was arrested in the area within minutes of the alleged offense following a police chase. Further, the trial court instructed the jury on the question:

> As to the crime of attempted burglary in the second degree, the defendants have been charged jointly in this action and are now both on trial for the offense alleged. You are instructed that it is not necessary that both defendants be convicted or that both defendants be acquitted. You are to consider separately the question of the guilt or innocence of each of them.

Instruction No. 8.

▮ Tollett complains about the introduction of photographs of the building and of the area where the officer claimed to be when he first saw Tollett running on 28th Avenue. The photographs were offered for illustrative purposes only and each was identified as accurately portraying the subject illustrated. *See Toftoy v. Ocean Shores Properties, Inc.*, 71 Wn.2d 833, 431 P.2d 212 (1967). The admissibility of photographs lies within the trial court's discretion. *State v. Rowe*, 77 Wn.2d 955, 468 P.2d 1000 (1970). That discretion was not abused in admitting the photographs here in question. The arguments advanced by Tollett go to their weight, not their admissibility. *See State v. Tatum*, 58 Wn.2d 73, 360 P.2d 754 (1961).

▮ Tollett next challenges the admissibility of exhibit No. 59 on the ground that the chain of custody had not been properly established. An officer testified that exhibit

No. 59, the bullet fragment, was in the same condition as it was when he first placed it in the envelope; he was, however, unable to identify one of three sets of initials on the envelope. A chain of custody argument does not render an exhibit inadmissible if it is properly identified as being the same object and in the same condition as it was when it was initially acquired by the party. *Allen v. Porter,* 19 Wn.2d 503, 143 P.2d 328 (1943); *State v. Potts,* 1 Wn. App. 614, 464 P.2d 742 (1969).

The trial court is not required to advise a defendant who is represented by counsel about his conduct in the courtroom. Even if such conduct is prejudicial to the actor's cause, and we do not find that it was, the trial court properly instructed the jury on the need to determine each defendant's guilt or innocence separately. Nothing more was required.

The record affirmatively shows that the codefendant had not used drugs on the date of his testimony. Absent a contrary showing, we will not presume that a defendant's testimony was incompetent because he had taken a dose of methadone on the day prior to his testimony. The allegation that he was under the influence of drugs is without factual support in the record.

In denying the motion for a new trial on the issue of jury misconduct, the court stated that the denial was without prejudice and afforded Tollett the right to renew at the conclusion of the case.

THE COURT: Motion will be denied, without prejudice, to renew at the conclusion of the case.

The motion was not renewed. The trial court, not the court on appeal, is in charge of trial proceedings. We find no abuse of discretion in the ruling.

Affirmed.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied January 8, 1975.