FILED
COURT OF APPEALS
DIVISION II

2014 JUL 15 AM 10: 44

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43967-1-II |
| Respondent, | (consolidated with No. 44007-5-II) |
| v. | |
| JONATHAN ALLEN LISCHKA, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — A jury found Jonathan Allen Lischka guilty of methamphetamine possession[1] and third degree malicious mischief,[2] but not guilty of misdemeanor harassment.[3] Lischka appeals his conviction for malicious mischief, arguing that (1) the trial court abused its discretion when it refused to sever for trial the methamphetamine possession and harassment charges from the malicious mischief charge, and (2) he received ineffective assistance of counsel. We affirm Lischka's convictions because he fails to demonstrate manifest prejudice resulting from consolidation of the charges for trial. Lischka also fails to demonstrate that his trial counsel was ineffective.

---

[1] Former RCW 69.50.4013 (2003).

[2] RCW 9A.48.090.

[3] RCW 9A.46.020(1).

FACTS

Lischka's relationship with his long-time girlfriend, Sara Henke, ended in early 2012. According to his close friend, Rodney Teitzel, Jr., Lischka became frustrated, angry, and agitated by the breakup. Teitzel grew concerned about Lischka's rapidly changing demeanor, noticing that Lischka spoke illogically and that he made comments involving alleged conspiracy theories which included Lischka's belief that his friends were trying to harm him. Lischka also accused Teitzel of having a sexual relationship with Henke. Lischka told Teitzel that he was going to right the wrongs that had been done to him and that doing so was going to lead Lischka back to prison.

On March 8, Lischka called Teitzel, yelling and screaming, most of which was incomprehensible. Lischka asked Teitzel whether Teitzel was on Lischka's side or against him, whether he was "in or out," and whether Teitzel would help him "get[ ] to the bottom of the situation." 1 Report of Proceedings (RP) at 41. When Teitzel responded that he was out, Lischka told Teitzel that "[i]t's on" and that he was coming to Teitzel's house. 1 RP at 42. Teitzel testified that he felt threatened by Lischka's comments.

In response to Lischka's call, Teitzel called his cousin, Sergeant Robert Snaza.[4] Sergeant Snaza claimed that Teitzel was frantic and concerned during the phone calls they exchanged. While Sergeant Snaza was on the phone with Teitzel, Sergeant Snaza saw Lischka drive by, so he stopped Lischka's vehicle. Sergeant Snaza placed Lischka under arrest for harassment and conducted a search incident to that arrest. This search revealed a substance in Lischka's pocket which Sergeant Snaza believed to be methamphetamine. Sergeant Snaza testified that a very

---

[4] Sergeant Snaza works for the Lewis County Sheriff's Office.

2

upset Lischka admitted to possessing methamphetamine and that Lischka stated that things had gone downhill for him after his breakup with Henke. The State charged Lischka with possession of methamphetamine and misdemeanor harassment.

Two weeks later, on March 22, Henke drove to Lischka's residence wishing to speak to him about their relationship. At some point during their conversation, Lischka picked up a weight from a weight-lifting bench and threw it into Henke's car windshield, shattering the glass. According to Henke, she and Lischka were not arguing or fighting and she was not fearful at any time during the conversation. In discussing Lischka's breaking of the windshield, Henke claimed that she did not think Lischka "felt that [he] was just do[ing] it to [her]" because it was about the separation of their shared property, including vehicles. 1 RP at 109. Henke testified that she called the police only because she wanted Lischka to pay the insurance deductable and because she needed a ride. Lischka was arrested and charged with third degree malicious mischief.

Notwithstanding Lischka's objection to consolidation of the harassment and methamphetamine possession charges with his malicious mischief charge, the trial court found that the charges stemming from the events of March 8 were sufficiently related to the events and charges of March 22 such that all charges could be joined under CrR 4.3 and consolidated for trial under CrR 4.3.1. On the first day of trial, Lischka renewed his objection to consolidation of the malicious mischief allegation with the other two charges. The jury found Lischka guilty of possession of methamphetamine and third degree malicious mischief, but it acquitted Lischka on the harassment charge. Lischka appeals.

ANALYSIS

I. MOTION TO SEVER

Lischka argues that the trial court's decision to deny his motion to sever and to consolidate the charges for trial resulted in unfair prejudice because (1) the evidence was stronger on the possession charge as compared to the charges for harassment and malicious mischief, (2) Lischka presented different defenses for each of the three charges, (3) the trial court's instructions were not adequate to mitigate the prejudice resulting from consolidation, and (4) evidence tending to prove each charge would not have been admissible at separate trials. Because Lischka fails to demonstrate that consolidation resulted in manifest prejudice that outweighed concerns for judicial economy, we hold that the trial court did not abuse its discretion and we affirm Lischka's conviction for malicious mischief.

A. STANDARD OF REVIEW AND RULES OF LAW

CrR 4.3(a)(2) permits a court to join two or more offenses in a charging document when the offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. The court rules mandate that properly joined offenses shall be consolidated for trial unless the court orders severance under the applicable rule. CrR 4.3.1. CrR 4.4(b) directs the court to grant severance if it concludes that severance will promote a fair determination of the defendant's guilt or innocence of each offense. We reverse a trial court's refusal to sever counts only for a manifest abuse of discretion. *State v. Russell*, 125 Wn.2d 24, 63, 882 P.2d 747 (1994), *cert. denied*, 514 U.S. 1129 (1995). A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds. *State v. Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002). Lischka bears the burden to establish that

4

consolidation of his offenses for the purpose of holding only one trial resulted in manifest prejudice that outweighed concerns for judicial economy. *State v. Bythrow*, 114 Wn.2d 713, 718, 790 P.2d 154 (1990).

When we examine whether a trial court abused its discretion by refusing to sever offenses, we recognize that consolidation[5] of offenses for trial may prejudice a defendant in that (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which his guilt of the other crimes charged is found; and (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. *Bythrow*, 114 Wn.2d at 718 (quoting *State v. Smith*, 74 Wn.2d 744, 755, 446 P.2d 571 (1968), *vacated in part*, 408 U.S. 934, 92 S. Ct. 2852, 33 L. Ed. 2d 747 (1972), *overruled on other grounds by State v. Gosby*, 85 Wn.2d 758, 539 P.2d 680 (1975)).

## B. THRESHOLD MATTERS

As an initial matter, the State contends that Lischka waived appellate review of the decision to consolidate the charges. We conclude that Lischka preserved review of his severance motion by renewing it before or at the close of the evidence. CrR 4.4(a)(2) provides,

> If a defendant's pretrial motion for severance was overruled he may renew the motion on the same ground before or at the close of all the evidence. Severance is waived by failure to renew the motion.

---

[5] Some cases use the terms "join" or "joinder" when consolidation is actually at issue. Consolidation is the combination of multiple charges for the purpose of a single trial. Joinder refers specifically to the combination of multiple offenses or defendants in one charging document. A separate rule was adopted in 1995 to avoid confusion of the terms. KARL B. TEGLAND, 4A WASHINGTON PRACTICE: RULES PRACTICE CrR 4.3, author's cmts. at 325 (7th ed. 2008).

Therefore, a defendant whose pretrial motion for severance is denied must renew that motion during or at the close of trial or the issue is waived. *State v. MacDonald*, 122 Wn. App. 804, 814, 95 P.3d 1248 (2004), *review denied*, 153 Wn.2d 1006 (2005); *State v. Tollett*, 12 Wn. App. 134, 135, 528 P.2d 497 (1974).

Here, the trial court granted the State's pretrial motion to consolidate the trials over Lischka's objection. On the first day of trial, Lischka renewed his objection, again requesting that the offenses be severed. The rule requires that Lischka renew his objection before *or* at the close of all the evidence. He renewed his severance motion before the close of the evidence and, therefore, the issue is properly before this court.[6]

Next, the State argues how CrR 4.3 applies to the facts here. But Lischka does not contend that the charges were improperly joined under CrR 4.3. Instead, Lischka argues that the trial court abused its discretion in refusing to sever the charges to allow two separate trials. Accordingly, CrR 4.4 controls.

### C. PREJUDICE-MITIGATING FACTORS

In determining whether severance is warranted to avoid potential prejudice, a court must consider (1) the strength of the State's evidence on each count, (2) the clarity of defenses as to each count, (3) the court's instructions to the jury to consider each count separately, and (4) the admissibility of evidence of the other charges even if not consolidated for trial. *Russell*, 125 Wn.2d at 63. Lischka contends that application of each of these four factors lends credence to his view that severance was necessary to avoid prejudice. On balance, application of the four

---

[6] We do not address Lischka's additional argument that his counsel was ineffective by failing to timely renew his severance motion because we hold that Lischka did timely renew his motion for severance.

factors supports the trial court's decision to consolidate the charges for one trial. Accordingly, the trial court did not abuse its discretion in refusing to sever the possession and harassment charges from the malicious mischief charge.

First, Lischka argues that he was unfairly prejudiced at trial by consolidation of the charges because the State's evidence on the methamphetamine possession charge was much stronger than the State's evidence on the other two charges. Lischka is correct that the State's evidence on the methamphetamine possession charges was strong. When arrested on March 8, Lischka admitted that the methamphetamine was for his personal use. Lischka is similarly correct that the evidence on the malicious mischief and harassment charges was decidedly weaker. Without Teitzel's testimony describing Lischka's anger and violent tendencies from March 8, there is less evidence that shows Lischka acted with malicious intent on March 22 for the purpose of proving the malicious mischief charge.

To prove third degree malicious mischief, the State was required to show that Lischka knowingly and maliciously caused physical damage to the property of Henke under circumstances not amounting to first or second degree malicious mischief. RCW 9A.48.090(1)(a). Malice is defined as

> an evil intent, wish, or design to vex, annoy, or injure another person. Malice may be inferred from an act done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a willful disregard of social duty.

RCW 9A.04.110(12). Excluding the evidence from the March 8 harassment of Teitzel, the majority of the State's evidence on the malicious mischief charge consisted of Henke's testimony. Henke testified that she drove to Lischka's house on March 22 where she and Lischka discussed their relationship and that at some point, Lischka threw the weight into her car

windshield. Henke stated that she and Lischka were not fighting and that she was not fearful. Lischka did not testify and therefore neither admitted nor denied throwing the weight. In closing, the State suggested that Lischka's actions were willful and therefore not accidental and that it was unreasonable to think that throwing the weight was not something done in anger. This is fairly weak evidence of malicious intent.

The State's evidence supporting the harassment against Teitzel was weaker than the evidence supporting the other two charges. RCW 9A.46.020 provides,

> (1) A person is guilty of harassment if:
> (a) Without lawful authority, the person knowingly threatens:
> (i) To cause bodily injury immediately or in the future to the person threatened or to any other person; or
> (ii) To cause physical damage to the property of a person other than the actor; or
> (iii) To subject the person threatened or any other person to physical confinement or restraint; or
> (iv) Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and
> (b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out. "Words or conduct" includes, in addition to any other form of communication or conduct, the sending of an electronic communication.

Here, the State's evidence to support the harassment charge was a series of phone calls and text messages wherein Lischka made strange accusations that Teitzel was romantically involved with Henke, vague allegations that others had wronged him, and a declaration that Lischka was coming to Teitzel's house. Additionally, the State acknowledged in closing that the harassment charge was subject to more debate than either of the other charges. When the State's evidence is strong on each count, there is no necessity for the jury to base its finding of guilt on any one count on the strength of the evidence of another. *Bythrow*, 114 Wn.2d at 721-22. But

here, as explained, the evidence was not strong in each count. Consequently, this factor supports severance.

Second, Lischka argues that he presented three different defenses to the three charges and contends that because they are not identical, the jury was likely confused. But the clarity of the defenses supports consolidation. Lischka offered no defense to the methamphetamine possession charge and he admitted that the methamphetamine was his. Lischka's defense to the charge of harassment was that he did not act with the intent to threaten and that the State did not show that Teitzel experienced reasonable fear. In response to the allegations of malicious mischief, Lischka's defense was that he did not throw the weight in anger or out of malice and that there was reasonable doubt as to Lischka's intent that day.[7] Accordingly, this factor supports consolidation because these defenses were not likely to confuse the jury, nor were they antagonistic. The defenses that Lischka presented both involved questions of intent. Consequently, Lischka cannot show that he was embarrassed or confounded in presenting separate defenses. *Bythrow*, 114 Wn.2d at 718 (quoting *Smith*, 79 Wn.2d at 755).

Third, in analyzing potential prejudice, we also consider whether the trial court provided the jury with instructions that they should consider each count separately. Here, the trial court did so instruct. Instruction number 7 provides,

> A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

---

[7] In closing, counsel for Lischka stated that the malicious mischief charge "ha[d] everything to do with intent." 2 RP at 172. Although he denied throwing the weight with malicious intent, Lischka never offered an explanation as to what his actual intent was.

9

Clerk's Papers at 20. Lischka, however, argues that this instruction alone is insufficient and that the court should have also offered an additional limiting instruction directing the jury that evidence of one crime could not be used to decide guilt for a separate crime and also that the State encouraged the jury to use evidence of one crime to find guilt for another. We disagree.

First, the record does not show that Lischka proposed an additional limiting instruction. Second, Lischka relies on *State v. Sutherby*, 165 Wn.2d 870, 204 P.3d 916 (2009), to support his contentions. But there, the charges Sutherby sought to have severed were sex crimes, and the court cautioned that prejudice is "'particularly important in sex cases, where the potential for prejudice is at its highest.'" *Sutherby*, 165 Wn.2d at 886 (quoting *State v. Coe*, 101 Wn.2d 772, 780-81, 684 P.2d 668 (1984)). Furthermore, the *Sutherby* court did not hold that a trial court must give an additional limiting instruction, only that there was not such an instruction given which tended to tip the scale towards severance with regard to the third factor under those facts.

Here, Lischke was not charged with a sex crime. Also, in closing, the State reminded the jury to consider the charges separately and implored the jury specifically not to let a verdict on one charge control that of another charge. Moreover, our courts have consistently approved essentially this same instruction in upholding decisions denying severance. *State v. McDaniel*, 155 Wn. App. 829, 861, 230 P.3d 245 (citing *Bythrow*, 114 Wn.2d at 723; *State v. Cotten*, 75 Wn. App. 669, 688 & n.14, 879 P.2d 971 (1994), *review denied*, 126 Wn.2d 1004 (1995)), *review denied*, 169 Wn.2d 1027 (2010). Additionally, we presume that jurors follow the trial court's instructions. *State v. Lough*, 125 Wn.2d 847, 864, 889 P.2d 487 (1995). That is particularly clear where, as here, the jury found Lischka guilty on the charges where the State's evidence was strong and acquitted where that evidence was weak. Consequently, the third factor also supports consolidation of the offenses for trial.

Finally, Lischka asserts that consolidation resulted in prejudice because evidence of the possession charge and the harassment charge would not have been admissible in a trial for malicious mischief. The State contends that evidence of the harassment would be admissible in a separate trial for malicious mischief as that evidence would be relevant to show intent and absence of mistake or accident, but the State also concedes that evidence of Lischka's possession of methamphetamine would not have been admissible in a separate trial. The State is correct that some evidence undergirding the harassment charge would likely be admissible in a separate trial for malicious mischief to show intent under ER 404(b).[8] Lischka's angry comments and emotionally charged mental state resulting from the deterioration of his relationship with Henke was relevant to show that he did act with malice, which has been defined to import "an evil intent, wish, or design to vex, annoy, or injure another person." RCW 9A.04.110(12).

Moreover, even assuming the evidence that Lischka possessed methamphetamine was not admissible at the malicious mischief trial, severance is not necessarily required.[9] Our Supreme Court has stated unequivocally that severance is not automatically required when evidence of one count would not be admissible in a separate trial on another count. *Bythrow*, 114 Wn.2d at 720. Rather, the defendant must be able to point to specific prejudice to support a finding that the trial court abused its discretion in denying severance. *Bythrow*, 114 Wn.2d at 720. And "'[w]hen evidence concerning the other crime is limited or not admissible, our primary concern

---

[8] ER 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[9] Lischka only moved to sever the malicious mischief charge from both the drug possession and harassment charges; he did not move to sever solely the drug possession charge from the malicious mischief charge. Therefore, at least some evidence supporting Lischka's guilt on the other charges was cross admissible.

11

is whether the jury can reasonably be expected to compartmentalize the evidence so that evidence of one crime does not taint the jury's consideration of another crime.'" *Bythrow*, 114 Wn.2d at 721 (internal quotation marks omitted) (quoting *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987)).

When the issues are relatively simple and the trial lasts only a couple of days, the jury can reasonably be expected to compartmentalize the evidence. *Bythrow*, 114 Wn.2d at 721 (citing *United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978), *cert. denied*, 439 U.S. 1074 (1979)). Under these circumstances, there may be no prejudicial effect from consolidation even when the evidence would not have been admissible in separate trials. *Bythrow*, 114 Wn.2d at 721. The court in *Bythrow* concluded that it was unlikely that the jury's knowledge of one crime improperly influenced its determination of guilt as to the other when the trial lasted only two days, the issue and defenses were relatively simple, and the jury was instructed to decide each count separately. 114 Wn.2d at 723.

Here, the facts are similar. Lischka's trial lasted only two days. The issues and defenses were simple. Accordingly, it was reasonable to expect the jury to compartmentalize the evidence to determine guilt for each individual charge. Additionally, the jury was instructed to consider the charges separately, and it ostensibly did so when it found Lischka not guilty on the harassment charge.

Last, any residual prejudice must be weighed against the need for judicial economy. *Russell*, 125 Wn.2d at 63. Foremost among these concerns is a conservation of judicial resources and public funds which a single trial serves by requiring only one courtroom, one judge, and one jury. *Bythrow*, 114 Wn.2d at 723. Here, as in *Bythrow*, these concerns outweigh the minimal likelihood of prejudice through consolidation of the charges. Lischka fails to show otherwise.

Moreover, three of the four factors that mitigate potential prejudice applied in favor of consolidating the offenses in one trial. Accordingly, the trial court's refusal to sever the charges was not untenable or manifestly unreasonable and, therefore, was not an abuse of discretion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his statement of additional grounds (SAG), Lischka argues that he received ineffective assistance of counsel because his attorney violated her duty of loyalty to him and because she failed to move to suppress the methamphetamine.

In order to establish that counsel was ineffective, a defendant must show that counsel's conduct was deficient and that the deficient performance resulted in prejudice. *State v. Brockob*, 159 Wn.2d 311, 344-45, 150 P.3d 59 (2006); *Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). But we need not consider both prongs of *Strickland* if a defendant's showing on one prong is insufficient. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 847, 280 P.3d 1102 (2012). To show deficient representation, the defendant must show that it fell below an objective standard of reasonableness based on all the circumstances. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). The defendant must overcome a strong presumption that counsel's performance was not deficient. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).

Lischka's argument that his trial counsel provided ineffective assistance by not moving to suppress the methamphetamine lacks merit. Lischka claims he asked his trial counsel to file a motion to suppress, but concedes that his request does not appear in the record. When an ineffective assistance claim is raised on appeal, the reviewing court may consider only facts within the record. *McFarland*, 127 Wn.2d at 335. While off-the-record conversations between Lischka and his attorney may be germane to his ineffective assistance claim, Lischka must file a

13

personal restraint petition if he intends to rely on evidence outside of the trial record. *State v. Grier*, 171 Wn.2d 17, 29, 246 P.3d 1260 (2011).

Even were we to consider Lischka's claim on the merits, it would fail because counsel's failure to move to suppress evidence does not support an ineffective assistance claim unless it can be shown that the motion would properly have been granted. *State v. Price*, 127 Wn. App. 193, 203, 110 P.3d 1171 (2005), *aff'd*, 158 Wn.2d 630, 146 P.3d 1183 (2006). Lischka cannot show that such a motion would have been granted because the search that revealed the methamphetamine was conducted incident to Lischka's arrest based on probable cause. The search incident to arrest exception allows officers to search the arrested person and the area within his immediate control. *State v. Patton*, 167 Wn.2d 379, 390, 219 P.3d 651 (2009).

Here, the methamphetamine was found in Lischka's pants pocket, an area that officers are allowed to search incident to a lawful arrest. We reject Lischka's argument that because he was acquitted of the harassment charge, all evidence gathered from the arrest for that charge is "fruit of the poisonous tree." Probable cause to arrest is all that is needed to support the arrest and the subsequent search incident to arrest. *Patton*, 167 Wn.2d at 390. It is irrelevant if he was later acquitted of the charge. The record supports the conclusion that the officer had probable cause to arrest him for harassment and the subsequent search was proper. No motion to suppress this evidence would have been granted and his ineffective assistance of counsel claim fails.

Lischka also claims that his attorney violated her duty of loyalty because she acted as an advocate against him in refusing to attempt to suppress the methamphetamine evidence and because she put on "virtually no defense." SAG at 6. Lischka's contention that his counsel

14

violated her duty of loyalty is equally unavailing. Demonstrating that counsel has violated her duty of loyalty is a second method by which a defendant can pursue an ineffective assistance claim. *Strickland*, 466 U.S. at 692. Lischka is correct that an attorney violates the duty of loyalty when she advocates against her client but, here, Lischka was not subject to such treatment.

Lischka cites cases easily distinguishable from his own. In *Osborn v. Shillinger*, the court found the duty of loyalty violated when Osborn's counsel made statements to the press indicating that Osborn had no evidence to support his claims and that he was playing a game to attract attention. 861 F.2d 612, 628 (10th Cir. 1988). Other courts have found violations of the duty of loyalty when an attorney tells a jury that there is no reasonable doubt regarding the only factual issues that are in dispute, when a lawyer is asleep, or when he directs racial epithets towards his own client. *United States v. Swanson*, 943 F.2d 1070, 1074 (9th Cir. 1991); *Frazer v. United States*, 18 F.3d 778, 783 (9th Cir. 1994). Here, Lischka experienced nothing of the sort. There was nothing his counsel could do other than minimize the impact of the methamphetamine possession when it was found on Lischka's person during a lawful search and when Lischka admitted it was his. Furthermore, Lischka's counsel made pretrial motions, opening and closing arguments, motions in limine, and objections when relevant. Lishcka's counsel provided effective representation and did not violate her duty of loyalty. Accordingly, this claim also fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

WORSWICK, J.

MELNICK, J.